# Exhibit B

**Proposed Sale Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
                                              :    Case No. 10-10250 (MFW)
PCAA PARENT, LLC, et al.,¹                     :
                                              :    Jointly Administered
                                              :
                 Debtors.                     :    Re: Docket Nos. _____
-----------------------------------------------------------x
```

### ORDER APPROVING PCAA'S MOTION FOR ENTRY OF AN ORDER (A) APPROVING SALE OF SUBSTANTIALLY ALL OF PCAA'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTIONS 363(b), (f) AND (m) OF BANKRUPTCY CODE, (B) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF

Upon the motion, dated January [__] 2010 (Docket No. ___) (the "**Sale Motion**")[2]

of PCAA Parent, LLC, together with its affiliated debtors and debtors in possession (collectively,

"PCAA") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an order

(i) approving the sale of all or substantially all of the Debtors' assets free and clear of any and all

liens, claims, interests and encumbrances under sections 363(b), (f) and (m) of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") and the

assumption of certain liabilities, pursuant to the terms of that certain Asset Purchase Agreement,

dated as of January___, 2010, between the Debtors and _____ (the "**Purchaser**") (as same

---

[1] The PCAA entities, along with the last four digits of their respective federal tax identification numbers (as applicable), are as follows: PCAA Parent, LLC (8827); PCAA Chicago, LLC (0860); PCAA GP, LLC (4237); PCAA LP, LLC (none); PCAA Properties, LLC (0617); PCAA SP, LLC (3465); Airport Parking Management, Inc. (7571); PCAA Missouri, LLC (5702); PCAA SP-OK, LLC (none); PCAA Oakland, LLC (9451); Parking Company of America Airports, LLC (9249); PCA Airports, Ltd. (8348); Parking Company of America Airports Phoenix, LLC (8343); and RCL Properties, LLC (2006). The mailing address for PCAA is 621 North Governor Printz Boulevard, Essington, PA 19029.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Sale Motion or the Sale Agreement, as the case may be; as to any conflicts with respect to such terms, the meanings contained in the Sale Agreement shall control over the meanings contained in the Sale Motion.

may be subsequently modified, amended or clarified, the "**Sale Agreement**," substantially in the form attached hereto as **Exhibit A**[3], and the transactions contemplated thereby, the "**Transactions**"), subject to the procedures set forth in that certain order entered by the Court on _____, 2010, approving the Bidding Procedures and other related relief (the "**Bidding Procedures Order**"), and (ii) the assumption and assignment of certain executory contracts and unexpired leases to the Purchaser, as described in the Sale Agreement and a list of which is attached hereto as **Exhibit B**, (the "**Purchased Contracts**") (collectively, both (i) and (ii), the "**Sale**"); and an auction having been held on [           ], 2010 in accordance with the Bidding Procedures Order (the "**Auction**"); and a hearing on the Sale Order having been held on [           ], 2010 (the "**Sale Hearing**"), at which time all interested parties were offered a fair and reasonable opportunity to be heard and object with respect to the Auction, the Sale Motion and the Sale; and upon the Court's consideration of the Sale Motion, any objections filed thereto, and the record of the Sale Hearing, including the testimony and evidence admitted at the Sale Hearing; and after due deliberation thereon, and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest, and good cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.    **Findings of the Court**. The findings and conclusions on the record at the Sale Hearing including, without limitation, the findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute

---

[3]       Exhibit A is exclusive of exhibits and schedules, except for those certain exhibits and/or schedules attached thereto.

conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      **Jurisdiction and Venue.** This Court has jurisdiction to hear and determine this Sale Motion and the Transactions under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Sale Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C.      **Statutory Predicates.** The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363, 365, 503 and 1146 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014, and the applicable Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

D.      **Petitions.** On January 28, 2010 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession and management of their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

E.      **Notice.** As evidenced by the affidavits of service filed with this Court and based upon the representations of counsel at the Sale Hearing and as approved under the Bidding Procedures Order: (i) due, proper, timely, adequate and sufficient notice of the Sale Motion, the Auction, the Sale Hearing, the Sale and the Transactions, including the assumption and assignment of the Purchased Contracts designated by the Purchaser and Cure Amounts with respect thereto, has been provided to all counterparties to Purchased Contracts and to all other parties in interest, in light of the circumstances of the Debtors and in accordance with all applicable law, including without limitation, sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the Local Rules and the procedural

due process requirements of the United States Constitution; (ii) such notice was and is good, sufficient and appropriate under the circumstances of the Debtors' Chapter 11 Cases; and (iii) no other or further notice of the Sale Motion, the Auction, the Sale Hearing, the Sale, the Transactions, or the assumption and assignment of the Purchased Contracts is or shall be required.

F.    **Opportunity to Object**. A reasonable opportunity to object and to be heard with respect to the sale of the Purchased Assets, the assumption and assignment of the Purchased Contracts and the defaults and Cure Amounts related thereto, the Transactions, the Sale Motion and the relief requested therein has been given to all interested persons and entities, including, without limitation, the following: (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel for the Purchaser, (iii) counsel for the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee"), (iv) counsel for the Debtors' prepetition secured lender(s), (v) all known creditors of the Debtors, (vi) any party that expressed an interest in purchasing the Purchased Assets within the last year, (vii) all counterparties to the Purchased Contracts, (viii) all entities known or reasonably believed to have asserted any claims against the Purchased Assets or the Debtors' interest in the Purchased Assets, and other entities known to have asserted a lien, interest or encumbrance in or upon the Purchased Assets, (ix) employees of the Debtors, (x) the Internal Revenue Service and governmental taxing authorities that have, or as a result of the sale of the Purchased Assets, may have claims, contingent or otherwise against the Debtors, (xi) all taxing authorities in the jurisdictions in which the Sellers operate; (xii) the Office of the United States Attorney for the District of Delaware, (xiii) the Securities and Exchange Commission, (xiv) and all other interested governmental, and environmental authorities or entities known by Debtors to assert jurisdiction over Debtors and to

4

have an interest in the proposed Sale or Transactions; (xv) all persons, if any, who have filed objections to the Sale Motion, and (xvi) all persons who have filed a notice of appearance in the Debtors' bankruptcy cases.

G. [**Auction**. At the Auction, [                    ], was approved as having submitted the highest or otherwise best offer or as the Successful Bidder as provided in the Bidding Procedures Order.

H. At the Auction, [                    ], was approved as having submitted the next highest or otherwise best offer after the Successful Bidder or as the Next Highest Bidder as provided in the Bidding Procedures Order.

I. Potential bidders had the full and fair opportunity to submit bids and participate in the Auction on the terms set forth in the Bidding Procedures Order. The Auction was conducted fairly and in good faith, without collusion and in accordance with the Bidding Procedures Order. At the Auction, the Purchaser was selected as the Successful Bidder. At the Auction, [      ] was selected as the Next Highest Bidder. The Sale Agreement with Purchaser constitutes the highest and best offer for the Purchased Assets, and will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative. The Debtors' determination that the Sale Agreement constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment.] [**No Competing Bids**. No Qualified Bids other than the Sale Agreement were received and, accordingly, no Auction was held or required to be held pursuant to the Bidding Procedures Order.]

J. **Arm's-Length Sale**. The Sale Agreement and other documents and instruments related to and connected with the Transactions and the consummation thereof were negotiated,

5

proposed and entered into by the Debtors and the Purchaser without collusion, in good faith and from arm's-length bargaining positions. Neither the Purchaser nor any of their affiliates or their respective representatives is an "insider" of any of the Debtors, as that term is defined in Bankruptcy Code section 101(31). None of the Debtors, the Purchaser or their respective affiliates or their representatives has engaged in any conduct that would cause or permit the Sale Agreement or other documents and instruments related to or connected with the Transactions and the consummation thereof to be avoided under Bankruptcy Code section 363(n), or has acted in any improper or collusive manner with any person. The terms and conditions of the Sale Agreement and other documents and instruments related to and connected with the Transactions and the consummation thereof, and the Transactions themselves, including without limitation the consideration provided in respect thereof, are fair and reasonable, and the Transactions are not avoidable and shall not be avoided under Bankruptcy Code section 363(n).

K. **Good Faith Purchaser**. The Purchaser, their respective affiliates and their respective representatives have proceeded in good faith and without collusion in all respects in connection with this proceeding. Such persons are therefore entitled to all of the benefits and protections of Bankruptcy Code section 363(m). Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transactions shall not affect the validity of the Transactions (including, without limitation, the other documents and instruments related to or connected with the Transactions and the consummation thereof, and the assumption and assignment of the Purchased Contracts). No stay pending appeal of this Sale Order has been requested, and the stay contained in Fed. R. Bankr. P. 6004(h) has been and hereby is waived as set forth in paragraph **[24]** below.

L.    **Corporate Authority**. Subject to the entry of this Order, the Debtors have (i) full corporate power and authority to perform all of their obligations under the Sale Agreement and all other documents and instruments related to and connected with the Transactions and the consummation thereof, and the Debtors' prior execution and delivery of, and performance of obligations under, the Sale Agreement and other documents and instruments is hereby ratified, (ii) all of the corporate power and authority necessary to consummate the Transactions, (iii) taken all corporate action necessary to authorize and approve the Sale Agreement and other documents and instruments related to or connected with the Transactions and the consummation thereof and the Transactions themselves, and (iv) no consents or approvals that are required to consummate the Transactions or otherwise perform obligations under the Sale Agreement or other documents and instruments, other than those expressly provided for in the Sale Agreement.

M.    **Sale in Best Interests**. Good and sufficient reasons for approval of the Sale Agreement and the Transactions have been articulated to the Court in the Sale Motion and on the record at the Sale Hearing, and the relief requested in the Sale Motion and set forth in this Sale Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

N.    **Business Justification**. The Debtors have demonstrated both good, sufficient and sound business purposes and justifications for, and the existence of exigent circumstances to enter into the Sale Agreement, sell the Purchased Assets and assume and assign the Purchased Contracts under sections 363, 365, 1123 and 1141 of the Bankruptcy Code, and such actions are an appropriate exercise of Debtors' business judgment and in the best interests of the Debtors, their estates and creditors. Entry of an order approving the Sale Agreement and the Transactions, and all the provisions thereof, on the terms requested in the Sale Motion and set

7

forth in this Sale Order, is a condition precedent to the Purchaser's consummation of the Transactions.

O.  **Consideration**. The consideration provided by the Purchaser to the Debtors pursuant to the Sale Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act and the laws of the United States, any state, territory, possession thereof or the District of Columbia. The Sale Agreement represents a fair and reasonable offer to purchase the Purchased Assets under the circumstances of the Debtors' Chapter 11 Cases, which circumstances have been detailed in the Sale Motion and on the record at the Sale Hearing. The Debtors have adequately marketed the Purchased Assets to potential purchasers, both before and during their Chapter 11 Cases, as described in detail in the Sale Motion. No other person or entity or group of persons or entities has offered to purchase the Purchased Assets for an amount that would give equal or greater economic value to the Debtors than the value being provided by the Purchaser pursuant to the Sale Agreement. Among other things, the Transactions are the best alternative available to the Debtors to maximize the return to their creditors. Approval of the Sale Motion, the Sale Agreement and the Transactions by this Court on the terms of this Sale Order is in the best interests of the Debtors, their creditors and all other parties in interest. No available alternative to the Transactions exists that would provide a greater value to the Debtors, their creditors, or other parties in interest.

P.  **Free and Clear**. The transfer of the Purchased Assets to the Purchaser under the Sale Agreement will be a legal, valid, and effective transfer, and vests or will vest, at Closing, the Purchaser with all right, title, and interest of the Debtors to the Purchased Assets free and clear (except for certain enumerated Permitted Exceptions in the Sale Agreement) of all of the

8

following (collectively, "**Interests**") liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights of first refusal, rights of setoff or recoupment, or interests of any kind or nature whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, whether imposed by agreement, understanding, law, equity or otherwise, including, but not limited to, (i) those Interests that purport to give to any party a right or option to effect a setoff against or any forfeiture, modification or termination of the Debtors' interests in the Purchased Assets, or any similar rights if any; (ii) those Interests arising under all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal or charges of any kind or nature, if any, (iii) those Interests that are Excluded Liabilities set forth in the Sale Agreement, including without limitation: (a) liabilities arising under or out of, in connection with, or in any way relating to Employees of the Debtors incurred on or prior to the Closing Date, (b) Tax liabilities arising under or out of, in connection with, or in any way relating to the operation of the Debtors' business prior to the Closing Date, except as provided in section 2.3(c) of the Sale Agreement, (c) Transfer taxes arising from or in connection with the Sale, (d) liabilities arising under or out of, in connection with, or in any way relating to Excluded Assets, including Excluded Contracts, and (e) liabilities that arose under the Purchased Contracts prior to their full and complete assignment or novation (to the extent such liabilities are not cured pursuant to section 2.5 of the Sale Agreement); and (iv) those Interests arising in connection with any agreements, acts, or failures to act, of any of the Debtors or any of the Debtors'

9

predecessors, affiliates, or representatives including, but not limited to, Interests arising under any doctrines of successor liability or similar theories under applicable municipal, state or federal law or otherwise. For the avoidance of doubt, without limiting the effect of the foregoing, the assumption and assignment of any Purchased Contract is free and clear of all Interests to the greatest extent allowed under section 363(f) of the Bankruptcy Code and applicable law.

Q.    **Free and Clear Findings Required by Purchaser**.  The Purchaser would not have entered into the Sale Agreement and will not consummate the Transactions, thus adversely affecting the Debtors, their estates and their creditors, if the sale of the Purchased Assets to the Purchaser, and the assumption and assignment or transfer of the Purchased Contracts to the Purchaser, were not free and clear of all Interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of the Interests.

R.    **Satisfaction of Section 363(f) Standards**.  The Debtors may sell the Purchased Assets free and clear of any Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  The person or entity with any Interest in the Purchased Assets and/or such Interest:  (i) has, either expressly or subject to the terms and conditions of the Bidding Procedures Order and this Sale Order, consented to the Transactions or is deemed to have consented to the Transactions; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest;  or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.  Those holders of Interests who did not object to the Sale Motion in accordance with the terms of the Bidding Procedures Order are deemed to have consented to the Sale Motion, the Sale Agreement and the Transactions, free and clear of such Interests, pursuant to section 363(f)(2) of the Bankruptcy Code.  The Debtors' prepetition secured lenders have

10

expressly consented to the Transactions and the sale of the Purchased Assets free and clear of their Interests. All holders of Interests are adequately protected by having their Interests attach to the net proceeds ultimately attributable to the Purchased Assets against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Purchased Assets or their proceeds, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

S. **No Fraudulent Transfer.** The Sale Agreement was not entered into, and the Transactions are not consummated, for the purpose of hindering, delaying or defrauding creditors of the Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. Neither Debtors nor Purchaser have entered into the Sale Agreement or are consummating the Transactions with any fraudulent or otherwise improper purpose.

T. **No Successor Liability.** Except for the Assumed Liabilities and the Permitted Exceptions, the transfer of the Purchased Assets to the Purchaser under the Sale Agreement shall not result in Purchaser having any liability or responsibility for, or any Purchased Assets being recourse for, (i) any Interest asserted against the Debtors or against an insider of the Debtors or against any of the Purchased Assets or any other assets of the Debtors, or (ii) the satisfaction in any manner, whether at law or in equity, whether by payment, setoff, recoupment, or otherwise, directly or indirectly, and whether from the Purchased Assets or otherwise, of any Interest or Excluded Liability, or (iii) otherwise to third parties or the Debtors, except, with respect to the Debtors, as is expressly set forth in the Sale Agreement. Without limiting the effect or scope of the foregoing, the transfer of the Purchased Assets from the Debtors to the Purchaser does not

11

and will not subject the Purchaser or its affiliates, successors or assigns or their respective properties (including the Purchased Assets) to any liability for Interests against the Debtors or the Debtors' Interests in such Purchased Assets by reason of such transfer or otherwise under the laws of the United States or any state, territory, possession thereof, or the District of Columbia applicable to such Transaction, including, without limitation, any successor liability or similar theories. For the avoidance of doubt, notwithstanding the consummation of the Transactions and the employment by the Purchaser of certain persons previously employed by the Debtors, Purchaser shall not have any obligations or liabilities to any employee of the Debtors or in respect of any employee benefits owing to any employee of the Debtors by the Debtors or by any plan or program administered by the Debtors or for the benefit of the Debtors' employees or in respect of any collective bargaining agreement on or prior to closing, and any obligations of the Purchaser shall be limited to those obligations expressly agreed by Purchaser under the Sale Agreement, which arise on and following the Closing.

U.    **Cure/Adequate Assurance**.  The assumption and assignment or transfer of the Purchased Contracts pursuant to the terms of this Sale Order is integral to the Sale Agreement, does not constitute unfair discrimination, and is in the best interests of the Debtors and their estates, creditors and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors.  The Debtors have or will have as of the Closing, as described in the Sale Agreement, subject to Section 2.5: (i) to the extent necessary, cured or provided adequate assurance of cure, of any default existing prior to the date hereof with respect to the Purchased Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A) and 365(f)(2(A), and (ii) to the extent necessary, provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date

12

hereof with respect to the Purchased Contracts. The Purchaser' promise to perform the obligations under the Purchased Contracts after their assumption and assignment shall constitute adequate assurance of future performance within the meaning of 11 U.S.C. § 365(b)(1)(C) and 365(f)(2)(B) to the extent that any such assurance is required and not waived by the counterparties to such Purchased Contracts. Any objections to any Cure Amounts or defaults under Purchased Contracts, or the assumption and assignment of any of the Purchased Contracts to the Purchaser, are hereby overruled.

V. **Prompt Consummation**. The Transactions must be approved by the Court and consummated in a timely manner in order to preserve the viability of the business subject to the sale as a going concern, and to thereby maximize the value of the Debtors' estates, for the reasons set forth in the Sale Motion and on the record at the Sale Hearing. For those reasons, the deadlines set forth in the Sale Agreement are material terms and time is of the essence in consummating the Sale.

W. **Contract Assignments in Best Interests**. The Debtors have demonstrated that assuming and assigning the Purchased Contracts in connection with the Transactions is an exercise of their sound business judgment, and that such assumption and assignment is in the best interests of the Debtors' estates, for the reasons set forth in the Sale Motion and on the record at the Sale Hearing, including, without limitation, because the assumption and assignment of the Purchased Contracts in connection with the Transactions will limit the losses of counterparties to Purchased Contracts and maximize the distribution to creditors of the Debtors.

X. **Transfer Pursuant to Section 1146(a)**. The Sale constitutes an element of a plan of liquidation or reorganization under chapter 11 of the Bankruptcy Code. The Sale has occurred "under" a plan as such term is used in section 1146(a) of the Bankruptcy Code, and the

Sale does not circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code.

Y.     **Avoidance Action Releases are Required**.  The avoidance action releases described in section 4.2(f) and Schedule 2.1(i) of the Sale Agreement, including without limitation the releases of certain causes of action under Section 544 through 553 of the Bankruptcy Code that each Seller and each Seller's bankruptcy estate may have, as set forth therein, are an express condition to the Purchaser's consummation of the Transactions and are required to implement the free and clear nature of the Transactions.  The Transactions viewed as a whole, together with such releases, will provide a greater benefit to the Debtors, their estates and their creditors than would the prosecution of the released causes of action in the absence of the Transactions.

### NOW, THEREFORE, IT IS ORDERED THAT:

1.     **Sale Motion is Granted**.  The Sale Motion and the relief requested therein is GRANTED and APPROVED.

2.     **Objections Overruled**.  Any objections to the entry of this Sale Order or the relief granted herein and requested in the Sale Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.  The Bidding Procedures Order has not been vacated, withdrawn, rescinded, or amended, and remains in full force and effect.

3.     **Approval**.  The Sale Agreement and all other documents and instruments related to and connected with the Transactions and the consummation thereof, and all of the terms and conditions thereto, are hereby approved.  Debtors are hereby authorized to (i) execute any additional instruments or documents reasonably necessary to implement the Sale Agreement and the Transactions, and any prior execution by Debtors of such agreements, documents, and

14

instruments is hereby ratified; (ii) perform all obligations under the Sale Agreement and other documents and instruments related to or connected with the Transactions and the consummation thereof, and consummate the Transactions, and any prior performance of such obligations and any prior consummation of such Transactions is hereby ratified; (iii) assume and assign to Purchaser the Purchased Contracts; and (iv) take all other and further actions reasonably necessary to consummate and implement the Transactions and perform all obligations under the Sale Agreement and all other documents and instruments related to and connected with the Transactions and the consummation thereof. Without limiting the foregoing, if required under applicable law for the assignment, transfer, sale or conveyance of any particular Purchased Contract, the Debtors are authorized and directed to execute and deliver novation agreements or consents with Governmental Bodies, in a form and substance acceptable to the Governmental Entity and the Purchaser and permitted pursuant to the Sale Agreement. The terms of such novation agreements, including without limitation the release of any claims and rights of the Debtors against the Governmental Bodies in connection with the Purchased Contract, are hereby approved.

4.      **Free and Clear**. Except as expressly provided for in the Sale Agreement or this Order, pursuant to Bankruptcy Code sections 105(a) and 363(f), the Debtors are authorized and directed to transfer the Purchased Assets to the Purchaser and the Purchaser shall take title to and possession of the Purchased Assets, upon Closing, free and clear (except for certain Permitted Exceptions) of all Interests of any kind or nature whatsoever, with all such Interests to attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Purchased Assets or their

proceeds, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

5.     **Transfer Pursuant to Section 1146(a)**.  The transfer of the Purchased Assets pursuant to the Sale Agreement is a transfer pursuant to section 1146(a) of the Bankruptcy Code, and accordingly, shall not be taxed under any law imposing a stamp tax or a sale, transfer, or any other similar tax.

6.     **Valid Transfer**.  As of the Closing, (i) the Transactions shall effect a legal, valid, enforceable and effective sale and transfer of the Purchased Assets to Purchaser, and shall vest Purchaser with title to such Purchased Assets free and clear of all Interests of any kind whatsoever, provided that, with respect to assigned Purchased Contracts with Governmental Entities, the Novation Process to the extent applicable or necessary has been completed upon such Closing; and (ii) the Sale Agreement along with any other documents or instruments related to or connected with the Transactions and the consummation thereof, and the Transactions shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors, any successor trustee appointed with respect thereto, and each other person and entity.

7.     **General Assignment**.  On the Closing, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtors' interests in the Purchased Assets.  Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Transactions and to reflect the effectiveness of the Transactions.

8.     **Injunction**.  Except as expressly permitted by the Sale Agreement as to Assumed Liabilities, all persons and entities, including, but not limited to, all debt security holders, equity

16

security holders, governmental, tax and regulatory authorities, lenders, trade creditors, contract counterparties, customers, landlords, licensors, employees, litigation claimants and other persons, holding Interests or Claims of any kind or nature whatsoever against or in the Debtors or the Debtors' interests in the Purchased Assets (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, whether imposed by agreement, understanding, law, equity or otherwise), arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, the operation of the Debtors' businesses before the Closing or the transfer of the Debtors' interests in the Purchased Assets to the Purchaser, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing Interests against the Purchaser, its property, its successors and assigns, or any of its affiliates or the interests of the Debtors in such Purchased Assets. Following the Closing, no holder of an Interest against the Debtors shall interfere with Purchaser' title to or use and enjoyment of the Debtors' interests in the Purchased Assets based on or related to such Interests, and all such Interests, if any, shall be, and hereby are transferred and attached to the proceeds from the Transaction in the order of their priority, with the same validity, force and effect which they have against such Purchased Assets as of the Closing, subject to any and all rights, claims and defenses that the Debtors' estates and Debtors, as applicable, may possess with respect thereto.

9.      **No Successor Liability**.  Neither Purchaser nor its affiliates, successors or assigns shall, as a result of the consummation of the Transaction:  (i) be a successor to the Debtors or the Debtors' estates; (ii) have, *de facto* or otherwise, merged or consolidated with or into the Debtors or the Debtors' estates; or (iii) be a continuation or substantial continuation of the Debtors or any

17

enterprise of the Debtors. Except for the Assumed Liabilities, the transfer of the Purchased Assets to Purchaser under the Sale Agreement shall not result in (i) any Purchaser, its affiliates, or shareholders, or the Purchased Assets having any liability or responsibility for any Interest against the Debtors or against an insider of the Debtors, (ii) Purchaser, its affiliates, or shareholders, or the Purchased Assets having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Interest or Excluded Liability, or (iii) Purchaser, its affiliates, or shareholders, or the Purchased Assets, having any liability or responsibility to the Debtors except as is expressly set forth in the Sale Agreement.

10. **Examples of No Successor Liability**. Without limiting the effect or scope of the foregoing, as a result of and following the Closing of the Transactions, the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, federal, state or other tax liabilities, U.S. or foreign pension liabilities, or liabilities based on any theory of antitrust, environmental, labor or employment or benefits law, alter ego, veil piercing, continuity of enterprise, mere continuation, product line, *de facto* merger or substantial continuity, whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, whether imposed by agreement, understanding, law, equity or otherwise with respect to the Debtors or any obligations of the Debtors, including, but not limited to, liabilities arising, accruing or payable under, out of, in connection with, or in any way relating to or calculated or determined with respect or or based in whole or in any part upon the operation of the Purchased Assets prior to the Closing, or any taxes in connection with, or in any way relating to the cancellation of debt of the Debtors or their

18

affiliates. For the avoidance of doubt, notwithstanding the consummation of the Transactions and the employment by the Purchaser of certain persons previously employed by the Debtors, Purchaser shall not have any obligations or liabilities to any employee of the Debtors or in respect of any employee benefits owing to any employee of the Debtors by the Debtors or by any plan or program administered by the Debtors or for the benefit of the Debtors' employees or in respect of any collective bargaining agreement on or prior to closing, and any obligations of the Purchaser shall be limited to those obligations expressly agreed by Purchaser on and following the Closing.

11.     **Assumption and Assignment**.  Pursuant to Bankruptcy Code sections 105(a), 363 and 365, and subject to and conditioned upon the Closing, the Debtors' assumption and assignment to the Purchaser of the Purchased Contracts, and the Purchaser' acceptance of such assignment on the terms set forth in the Sale Agreement, are hereby approved subject to the terms set forth below.  The Purchased Contracts shall be transferred to the Purchaser free and clear of all Interests of any kind or nature whatsoever, other than the Assumed Liabilities.  The Purchased Contracts shall remain in full force and effect for the benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Purchased Contracts of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code that prohibits, restricts, or conditions such assignment, transfer or sublease.  Without limiting the foregoing, to the extent any provision in a Purchased Contract which prohibits, restricts, or conditions an assignment, transfer or sublease is enforceable under applicable non-bankruptcy law, such contract shall remain in full force and effect for the benefit of the Purchaser in accordance with the terms of the approval, waiver or novation provided by the Governmental Body that is the counterparty thereto.  Pursuant to Bankruptcy Code section 365(k), the Debtors

shall be relieved from any further liability with respect to the Purchased Contracts after assignment to the Purchaser, except liability for Cure Amounts as set forth in the Sale Agreement and herein. Debtors are hereby authorized to execute and deliver to the Purchaser such documents or other instruments as may be reasonably necessary to assign or transfer the Purchased Contracts to the Purchaser at Closing.

12.     **Payment of Cure Amounts**. To the extent there are any unpaid Cure Amounts at the Closing, the Debtors are and shall be obligated, and are hereby directed, to pay or cause to be paid such Cure Amounts in accordance with Section 2.5 of the Sale Agreement. The Debtors' obligation to pay the Cure Amounts and the Purchaser' performance of its obligations under the Purchased Contracts after the Closing shall constitute adequate assurance of future performance within the meaning of 11 U.S.C. § 365(b)(1) and 365(f)(2)(B).

13.     **Determination of Cure Amounts**. The Cure Amounts set forth on **Exhibit C** attached hereto with respect to each Purchased Contract listed thereon shall constitute findings of the Court and shall be final and binding on parties to such Purchased Contracts (and their successors and designees) upon the Closing, and shall not be subject to further dispute or audit based on performance prior to the time of assumption and assignment, irrespective of the terms and conditions of such Purchased Contracts. For Purchased Contracts not included on **Exhibit C**, if any, the Cure Amounts shall be those (a) set forth in the applicable Assignment and Cure Notice, if no objection thereto is filed by the objection deadline, or (b) determined by the Court after notice and a hearing, if an objection thereto is filed by the objection deadline. Each counterparty to a Purchased Contract is hereby forever barred, estopped, and permanently enjoined from (i) asserting against the Purchaser or their property (including without limitation the Purchased Assets), any default arising prior to or existing as of Closing, or any counterclaim,

defense, recoupment, setoff or any other Interest asserted or assertable against the Debtors; and

(ii) imposing or charging against Purchaser or its affiliates any accelerations, assignment fees,

increases or any other fees as a result of the Debtors' assumption and assignment of the

Purchased Contract. To the extent that any counterparty was notified of Cure Amounts or

defaults (or the absence thereof), in accordance with the Bidding Procedures Order, and failed to

object to such Cure Amounts or defaults (or the absence thereof) with respect to any Purchased

Contract, in accordance with the Bidding Procedures Order, such counterparty is deemed to have

consented to such Cure Amounts or defaults (or the absence thereof) and is deemed to have

waived any right to assert or collect any Cure Amounts or enforce any defaults that may arise or

have arisen prior to or existed as of the Closing.

14.     **Ipso Facto Clauses Ineffective**. Upon the Debtors' assignment of the Purchased

Contracts to the Purchaser under the provisions of this Sale Order, no default shall exist under

any Purchased Contract and no counterparty to any such Purchased Contract shall be permitted

to declare or enforce a default by the Debtor or Purchaser thereunder or otherwise take action

against the Purchaser as a result of any Debtor's financial condition, bankruptcy or failure to

perform any of its obligations under the relevant Purchased Contract. Pursuant to section 365(e),

any provision in a Purchased Contract that prohibits or conditions the assignment or sublease of

such Purchased Contract (including without limitation, the granting of a lien therein) or allows

the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or

extension, or modify any term or condition upon such assignment or sublease, constitutes an

unenforceable anti-assignment provision that is void and of no force and effect. The failure of

the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any

21

Purchased Contract shall not be a waiver of such terms or conditions, or of the Debtors' and Purchaser' rights to enforce every term and condition of the Purchased Contract.

15. **Binding Effect of Order**. This Sale Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets. The terms and provisions of the Sale Agreement and all other documents and instruments related to or connected with the Transactions and the consummation thereof, the Transactions themselves, the Bidding Procedures Order, and this Sale Order shall be binding in all respects upon the Debtors, the Debtors' estates, all creditors of (whether known or unknown) and holders of equity interests in either the Debtors, Purchaser and their respective affiliates, successors and assigns, and any and all third parties, notwithstanding any subsequent appointment of any trustee of the Debtors under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

16. **Release of Interests**. This Sale Order (i) shall be effective as a determination that, on the Closing, all Interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing, have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (ii) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets. On the Closing, the Debtors and persons holding an Interest in the Purchased Assets as of the Closing are authorized to execute such documents and take all other actions as may be reasonably necessary to release their Interests in the Purchased Assets, if any, as such Interests may have been recorded or may otherwise exist.

17. **Release of Avoidance Actions.** Prior to or upon the Closing, each Seller, on behalf of itself and its bankruptcy estate, is hereby authorized to execute and deliver to Purchaser a full and irrevocable release of the Avoidance Actions set forth in Schedule 2.1(i) of the Sale Agreement.

18. **Retention of Jurisdiction**. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order, all amendments thereto and any waivers and consents thereunder, including, but not limited to, retaining jurisdiction to (i) compel delivery of the Purchased Assets to Purchaser; (ii) interpret, implement and enforce the provisions of the Bidding Procedures Order, this Sale Order, and any related order; (iii) protect Purchaser, their affiliates, or shareholders against any Interests against the Debtors or the Purchased Assets of any kind or nature whatsoever, including, without limitation, through the grant of declaratory and injunctive relief determining that the Purchaser, their affiliates, or shareholders and their assets (including the Purchased Assets) are not subject to such Interests and prohibiting persons and entities from asserting such Interests against the Purchaser, their affiliates or shareholders and

their assets (including the Purchased Assets), and (iv) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Purchased Contracts,.

19. **Fees, Expenses and Other Obligations**. All obligations of the Debtors under the Sale Agreement and any and all of the documents delivered by the Debtors in connection with the Sale Agreement, including, but not limited to, the Break-Up Fee and the Expense Reimbursement, shall be paid, to the extent due and owing, in the manner provided in the Sale Agreement and the Bidding Procedures Order, without further order of this Court. All such obligations shall constitute allowed administrative claims in each of the Debtors' Chapter 11 Cases, with first priority administrative expense under section 507(a)(1) of the Bankruptcy Code as set forth in the Bidding Procedures Order. Until satisfied, all such obligations shall continue to have the protections provided in the Bidding Procedures Order and this Sale Order, and shall not be discharged, modified or otherwise affected by any reorganization plan for the Debtors, except by an express agreement with Purchaser.

20. **Sale Proceeds**. Any and all valid and perfected Interests in the Purchased Assets of the Debtors shall attach to any proceeds of such Purchased Assets immediately upon receipt of such proceeds by the Debtors in the order of priority, and with the same validity, force and effect which they now have against such Purchased Assets, subject to any rights, claims and defenses the Debtors, the Debtors' estates or any trustee for any Debtor, as applicable, may possess with respect thereto, in addition to any limitations on the use of such proceeds pursuant to any provision of the Sale Agreement or this Sale Order. For the avoidance of doubt, the Purchaser is permitted to assume and pay the Trade Payables, upon which event the proceeds of the Transactions shall be reduced dollar for dollar in an amount equal to the Trade Payables, as set forth in the Sale Agreement.

21. **No Material Modifications**. The Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the Debtors and the Purchaser, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates and has been agreed to between the Debtors and the Purchaser. The Debtors' representatives are hereby authorized to execute such modifications, amendments or supplements.

22. **Subsequent Orders and Plan Provisions**. Nothing contained in any subsequent order of this Court or any court of competent jurisdiction in these or other Chapter 11 Cases (including without limitation, an order authorizing the sale of assets pursuant to sections 363, 365 or any other provision of the Bankruptcy Code or any order entered after any conversion of a Chapter 11 Case of the Debtors to a case under chapter 7 of the Bankruptcy Code) or any chapter 11 plan confirmed in any Debtors' bankruptcy cases or any order confirming any such plan shall nullify, alter, conflict with, or in any manner derogate from the provisions of this Sale Order, and the provisions of this Sale Order shall survive and remain in full force and effect and shall control to the extent of such conflict or derogation.

23. **Failure to Specify Provisions**. The failure specifically to include any particular provisions of the Sale Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

24. **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rule 6004 and Bankruptcy Rule 6006 or any applicable provisions of the Local Rules, this Sale Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable

RLF1 3532765v.1

immediately upon entry. Time is of the essence in approving the Transactions, and the Debtors and the Purchaser intend to close the Transactions as soon as practicable. Any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law and prior to Closing, or risk its appeal will be foreclosed as moot.

25. **Closing Conditions and Termination Rights**. Nothing in this Sale Order shall modify or waive any closing conditions or termination rights in Articles IV and X of the Sale Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

26. **Allocation.** The Purchaser shall pay proceeds of the Transactions to the Debtors, collectively, to be held by PCAA Parent, LLC on behalf of all the Debtors. The allocation provisions of the Sale Agreement shall govern.

Dated: April _____, 2010
       Wilmington, Delaware

                                 _____
                                   THE HONORABLE MARY F. WALRATH
                                   UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Sale Agreement**

## Exhibit B

## Schedule of Purchased Contracts

**Exhibit C**

**Cure Amounts For Purchased Contracts as of Sale Hearing Date**