# Exhibit F

## Assignment and Cure Notice

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re:                                    :    Chapter 11
                                          :
                                          :    Case No. 10-10250 (MFW)
PCAA PARENT, LLC, et al.,[1]              :
                                          :    Jointly Administered
                                          :
                    Debtors.              :
------------------------------------------------------------x

## NOTICE OF ASSIGNMENT AND CURE AMOUNT DETERMINATION IN CONNECTION WITH ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND UNEXPIRED LEASES BY PCAA

PLEASE TAKE NOTICE THAT on _____, 2010, PCAA Parent, LLC, together with its affiliated debtors and debtors in possession (collectively, "**PCAA**" or the "**Seller**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") under chapter 11 of the United States Bankruptcy Code 11 U.S.C. §§ 101 – 1532 (as amended, the "**Bankruptcy Code**"), filed a motion (Docket No.__, the "**Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Court**") for an order pursuant to sections 105, 363, 365 and 1146 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (A) approving the form of the bidding procedures (the "**Bidding Procedures**") to govern the sale (the "**Sale**") by PCAA of all or substantially all of PCAA's assets (the "**Purchased Assets**") free and clear of all liens, claims, encumbrances and interests of any kind to the buyer, (B) scheduling the date and time to hold an auction (the "**Auction**") to implement the Sale, (C) scheduling the date and time for a hearing (the "**Sale Hearing**") to consider (1) approval of the Sale and (2) the assumption by PCAA and the assignment by PCAA to the buyer of some or all of PCAA's executory contracts and unexpired leases (such executory contracts and unexpired leases, collectively, the "**Assumed Agreements**"), and (D) approving related relief.

PLEASE TAKE FURTHER NOTICE THAT **a hearing regarding approval of the Sale shall be held** before the Honorable [_____], United States Bankruptcy Court, 824 North

---

[1] The PCAA entities, along with the last four digits of their respective federal tax identification numbers (as applicable), are as follows: PCAA Parent, LLC (8827); PCAA Chicago, LLC (0860); PCAA GP, LLC (4237); PCAA LP, LLC (none); PCAA Properties, LLC (0617); PCAA SP, LLC (3465); Airport Parking Management, Inc. (7571); PCAA Missouri, LLC (5702); PCAA SP-OK, LLC (none); PCAA Oakland, LLC (9451); Parking Company of America Airports, LLC (9249); PCA Airports, Ltd. (8348); Parking Company of America Airports Phoenix, LLC (8343); and RCL Properties, LLC (2006). The mailing address for PCAA is 621 North Governor Printz Boulevard, Essington, PA 19029.

[2] All capitalized terms used herein and not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

RLF1 3532765v.1

Market Street, [_____] Wilmington, Delaware 19801, at _____ **p.m. (Eastern Time) on** _____. This hearing (the "**Sale Hearing**") may be adjourned or rescheduled by the Seller, from time to time, without notice to creditors or parties in interest other than by an announcement of the adjourned date at the Sale Hearing, filings with the Court, or on the Court's calendar on the date scheduled for the Sale Hearing.

PLEASE TAKE FURTHER NOTICE THAT PCAA and the buyer have entered into a certain asset purchase agreement, dated _____ (the "**Sale Agreement**") effective on the closing date of such Sale. A true and correct copy of the Sale Agreement is attached hereto as Exhibit 1. Pursuant to the Sale Agreement, PCAA will assume and assign the Assumed Agreements to the buyer.

PLEASE TAKE FURTHER NOTICE THAT attached hereto as Exhibit 2 is a schedule that (a) identifies each Assumed Agreement, (b) sets forth the dollar amount (the "**Proposed Cure Amounts**"), if any, that PCAA contends is necessary to be paid by PCAA in order to cure all the defaults, if any, under such Assumed Agreement, and (c) the deadline by which such non-debtor parties must object.

PLEASE TAKE FURTHER NOTICE THAT **responses or objections, if any, to the relief to be requested in this Notice** must be in writing, conform to the Bankruptcy Rules and the Local Rules of the Court, set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against PCAA's estates or property, the basis for the objection and the specific grounds therefore, and be filed with the Bankruptcy Court and served upon: (a) PCAA at 621 North Governor Printz Boulevard, Essington, PA 19029, Attention: Mark Shapiro, (b) Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, One Chase Manhattan Plaza, New York, New York 10005, Attention: Matthew S. Barr and Michael E. Comerford, counsel for PCAA, (c) Richards, Layton & Finger, P.A., Attention: John H. Knight and Mark Collins, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, (d) the Office of the U.S. Trustee, 844 King Street, Room 2207, Lockbox #35, Wilmington, DE 19899-0035 (e) counsel to the Creditors' Committee as applicable, and (f) counsel to the Administrative Agent and any other agent or trustee for PCAA's prepetition lenders, so as actually to be received **no later than 4:00 p.m. (prevailing Eastern Time) on the tenth (10th) day following mailing of the Assignment and Cure Notice** (the "Assignment and Cure Objection Deadline"). The failure of any party in interest to file and serve its objection or response to this Notice by the Assignment and Cure Objection Deadline in accordance with the provisions of this paragraph shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to this Notice, the Proposed Cure Amounts, the Motion, the Sale or PCAA's consummation and performance of the transactions contemplated thereby.

PLEASE TAKE FURTHER NOTICE THAT, **if no objections are received by the Assignment and Cure Objection Deadline**, then the proposed assumption and assignment of the relevant Assumed Agreements are authorized and the Proposed Cure Amounts set forth in the Assignment and Cure Notice shall be binding upon the non-debtor counterparty to the Assumed Agreement for all purposes and will constitute a final determination of total cure amounts required to be paid to such non-debtor counterparty in connection with the assignment to the Successful Bidder. In addition, each non-debtor party to such Assumed Agreement shall be forever barred from objecting to the cure information set forth in the Assignment and Cure

3

Notice and the Proposed Cure Amounts, including, without limitation, the right to assert any additional cure or other amounts with respect to the Assumed Agreement arising or relating to any period prior to such assumption or assignment. If no objections to the assumption or assumption and assignment are received by the Assignment and Cure Objection Deadline, counsel for PCAA may submit to the Court a declaration of no objection and a form of order (collectively, the "**Declaration of No Objection**") granting the requested assumption and/or assignment of the Assumed Agreement, and serve such Declaration of No Objection on the counterparty to the Assumed Agreement. The order approving such assumption and/or assignment may then be entered by the Court twenty-four (24) hours after the Declaration of No Objection is filed.

PLEASE TAKE FURTHER NOTICE THAT, **if a timely objection is received** in accordance with the provisions above and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at a later date set by the Court. The pendency of a dispute relating to cure amounts will not prevent or delay the assumption and assignment of any Assumed Agreement. If an objection is filed only with respect to the Proposed Cure Amount listed on the Assignment and Cure Notice, PCAA may file a Declaration of No Objection as to assumption and assignment only and the dispute with respect to the cure amount will be resolved consensually, if possible, or if the parties are unable to resolve their dispute, before the Court. PCAA intends to cooperate with the counterparties to Assumed Agreements to attempt to reconcile any difference in a particular cure amount.

[Remainder of Page Intentionally Left Blank]

PLEASE TAKE FURTHER NOTICE THAT prior to the closing date for the Sale, PCAA may amend its decision with respect to the assumption and assignment of the Assumed Agreements and provide you with a new notice amending the information in this notice.

Dated: _____, 2010  
Wilmington, Delaware

Respectfully submitted,

_____  
Mark D. Collins (No. 2981)  
John H. Knight (No. 3848)  
Lee E. Kaufman (No. 4877)  
Zachary I. Shapiro (No. 5103)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701  

-and-

MILBANK, TWEED, HADLEY & McCLOY LLP  
Matthew S. Barr  
Michael E. Comerford  
One Chase Manhattan Plaza  
New York, NY 10005-1413  
Telephone: (212) 530-5000  
Facsimile: (212) 530-5219  

*Proposed Attorneys for PCAA Parent, LLC, et al.*

# Exhibit 1

Sale Agreement

# Exhibit 2

**Schedule of Information for Assumed Agreement**