## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                            :

In re:                                                               :  Chapter 11
                                                                :
                                                                :  Case No. 10-10250 (MFW)
PCAA PARENT, LLC, et al.,[1]                    :
                                                                :  Jointly Administered
                                                                :
                    Debtors.      :  **Hearing Date:  TBD**
                                                                :  **Objection Deadline:  TBD**
---------------------------------------------------------------x

**MOTION FOR ORDER (I) APPROVING DISCLOSURE STATEMENT,
(II) ESTABLISHING SOLICITATION PROCEDURES,
(III) SCHEDULING HEARING AND ESTABLISHING NOTICE AND
OBJECTION PROCEDURES WITH RESPECT TO CONFIRMATION OF
JOINT CHAPTER 11 PLAN OF PCAA PARENT, LLC AND ITS
<u>AFFILIATED DEBTORS AND DEBTORS IN POSSESSION</u>**

        PCAA Parent, LLC and its affiliated debtors and debtors in possession (collectively, "<u>PCAA</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") hereby submit this motion (the "<u>Motion</u>") for entry of an order, pursuant to sections 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (as amended, the "<u>Bankruptcy Rules</u>") and rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended, the "<u>Local Rules</u>"), (i) approving PCAA's Disclosure Statement, Pursuant To 11

---

[1]     The PCAA entities, along with the last four digits of their respective federal tax identification numbers, are as follows:  PCAA Parent, LLC (8827); PCAA Chicago, LLC (9451); PCAA GP, LLC (4237); PCAA LP, LLC (none); PCAA Properties, LLC (0617); PCAA SP, LLC (3465); Airport Parking Management, Inc. (7571); PCAA Missouri, LLC (5702); PCAA SP-OK, LLC (none); PCAA Oakland, LLC (9451); Parking Company of America Airports, LLC (9249); PCA Airports, Ltd. (8348); Parking Company of America Airports Phoenix, LLC (8343); and RCL Properties, LLC (2006).  The mailing address for PCAA is 621 North Governor Printz Boulevard, Essington, PA 19029.

U.S.C. § 1125, With Respect To Joint Chapter 11 Plan Of PCAA Parent, LLC And Its Affiliated Debtors And Debtors In Possession, dated February 16, 2010 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement")[2]; (ii) establishing a record date for determining the holders of claims entitled to vote on the Joint Chapter 11 Plan Of PCAA Parent, LLC And Its Affiliated Debtors And Debtors In Possession (the "Chapter 11 Plan") and approving procedures for the solicitation of votes, including (a) approving solicitation packages and procedures for distribution thereof, (b) approving forms of ballots, (c) approving notices to non-voting classes under the Chapter 11 Plan, (d) establishing a voting deadline for the receipt of ballots, and (e) approving procedures for vote tabulation; and (iii) scheduling a hearing to consider confirmation of the Chapter 11 Plan and approving the form and manner of notice thereof. In support of this Motion, PCAA respectfully states as follows:

## Background

**A.     Chapter 11 Cases**

1.     On January 28, 2010 (the "Petition Date"), each of the PCAA entities filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The PCAA entities continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only. The United States Trustee appointed an Official Committee of Unsecured Creditors in the Chapter 11 Cases on February 9, 2010 (the "Committee").

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement.

**B.     PCAA's Business Operations**

2.     PCAA runs the largest domestic off-site airport parking business, operating 31 off-site airport parking facilities comprising over 40,000 parking spaces near 20 major airports across the United States. PCAA owns or leases its off-airport parking facilities in, among other states, California, Arizona, Colorado, Texas, Georgia, Tennessee, Pennsylvania, Connecticut, New York, New Jersey, and Illinois. PCAA's locations are strategically positioned near major metropolitan airports and designed to offer customers an efficient and affordable alternative to on-site airport parking. PCAA has facilities located at seven of the ten busiest domestic airports. PCAA owns the underlying real property at approximately 70% of its facilities, equating to ownership of nearly two-thirds of its aggregate parking spaces. The remaining facilities are typically leased on a long-term basis. Operations on owned land or long-term leased property account for a majority of PCAA's operating income.

3.     PCAA, which operates under the trademarked banners "AviStar," "FastTrack," and "SkyPark," provides parking and related services that attempt to maximize convenience for corporate and recreational travelers. PCAA provides customers with 24-hour secure parking close to airport terminals, as well as frequent transportation via shuttle bus to and from their vehicles and the terminal. Customers either park their own cars or utilize the company's valet parking services. Indoor, outdoor, and covered parking options are available at PCAA's facilities. A shuttle bus fleet provides transit from the parking facility to the airport terminal or from the terminal to the parking facility, as the case may be. In addition to reserved parking and shuttle services, PCAA provides ancillary services such as car washes and auto repairs at some parking facilities.

### Jurisdiction And Venue

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

5. By this Motion, PCAA seeks entry of an order, substantially in the form attached to this Motion as <u>Exhibit C</u> (the "<u>Disclosure Statement Order</u>"), pursuant to sections 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018 and 3020 and Local Rule 3017-1, (i) approving the Disclosure Statement as containing "adequate information" as such term is defined in section 1125 of the Bankruptcy Code; (ii) establishing a record date for determining the holders of claims entitled to vote on the Chapter 11 Plan and approving procedures for the solicitation of votes, including (a) approving solicitation packages and procedures for distribution thereof, (b) approving forms of ballots, (c) approving notices to non-voting classes under the Chapter 11 Plan, (d) establishing a voting deadline for the receipt of ballots, and (e) approving procedures for vote tabulation; and (iii) scheduling a hearing to consider confirmation of the Chapter 11 Plan and approving the form and manner of notice thereof.

### I.

### PROPOSED DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED[3]

6. Pursuant to section 1125 of the Bankruptcy Code, the proponent of a chapter 11 plan must provide holders of impaired claims with "adequate information" regarding

---

[3] Notice of the hearing on, and objection deadline for, the Disclosure Statement will be served in accordance with Local Rule 3017-1(a).

such plan when soliciting votes to accept or reject such plan. Section 1125(a)(l) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plans to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(l).

7. A proponent's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the plan. See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 321 (3d Cir. 2003). The adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties." In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988). See also In re Lisanti Foods, Inc., 329 B.R. 491, 507 (D.N.J. 2005) ("Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis.") (internal citation omitted).

8. A bankruptcy court has broad discretion in examining the adequacy of the information contained in a disclosure statement. See Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988); see also Dakota Rail, Inc., 104 B.R. 138, 143 (Bankr. D. Minn 1989) (court has "wide discretion to determine . . . whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail"). Congress granted courts discretion in order to facilitate effective

5

reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage and the broad range of circumstances that accompany chapter 11 cases. <u>See</u> H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977) ("In reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is greatest."). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.

9. In that regard, courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

(a) the circumstances that gave rise to the filing of the bankruptcy petition;

(b) an explanation of the available assets and their value;

(c) the anticipated future of the debtor;

(d) the source of the information provided in the disclosure statement;

(e) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

(f) the condition and performance of the debtor while in chapter 11;

(g) information regarding claims against the estate;

(h) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(i) the accounting and valuation methods used to produce the financial information in the disclosure statement;

(j) information regarding the future management of the debtor;

(k) a summary of the plan of reorganization or liquidation;

(l) an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m) the collectability of any accounts receivable;

6

(n) any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o) information relevant to the risks being taken by the creditors and interest holders;

(p) the actual or projected value that can be obtained from avoidable transfers;

(q) the existence, likelihood and possible success of nonbankruptcy litigation;

(r) the tax consequences of the plan; and

(s) the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988). This list is not meant to be comprehensive. Neither must a debtor provide all the information on the list; rather, the court must decide what is appropriate in each case. See In re Ferretti, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991) (adopting similar list); see also In re Phoenix Petroleum Co., 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (cautioning that "no one list of categories will apply in every case").

10. PCAA submits that the Disclosure Statement contains substantially all information typically considered by bankruptcy courts and provides "adequate information," as required pursuant to section 1125 of the Bankruptcy Code, to enable holders of impaired claims that are entitled to vote to accept or reject the Chapter 11 Plan to make an informed judgment about the Chapter 11 Plan. Specifically, the Disclosure Statement contains information with respect to the applicable subject matters identified above, including, but not limited to, (a) the Chapter 11 Plan, (b) the operation of PCAA's business, (c) a valuation of PCAA's assets, (d) a liquidation analysis, (e) the sources of information provided, (f) claims against PCAA's estate, (g) PCAA's indebtedness, (h) significant events leading to the filing of PCAA's Chapter 11

Cases, (i) the administration of PCAA's estates following confirmation of the Chapter 11 Plan, (j) risk factors attendant to the Chapter 11 Plan, (k) tax consequences of the Chapter 11 Plan, and (l) appropriate disclaimers. In addition to the types of information that courts typically require, the Disclosure Statement provides an overview of key Bankruptcy Code concepts, including allowance, impairment and classification, as well as the requirements for confirmation. The Disclosure Statement also provides an analysis of alternatives to the Chapter 11 Plan.

## II.

## PROPOSED SOLICITATION PROCEDURES SHOULD BE APPROVED

### A. Distribution of Solicitation Packages and Notices

#### (i) Voting Classes

11. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization. Specifically, Bankruptcy Rule 3017(d) provides, in relevant part:

> Upon approval of a disclosure statement, -- except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders -- the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (a) the plan or a court-approved summary of the plan;
>
> (b) the disclosure statement approved by the court;
>
> (c) notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (d) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

12. Under the Chapter 11 Plan, holders of allowed claims in Classes 2 and 6 through 19 are impaired and entitled to vote to accept or reject the Chapter 11 Plan. PCAA proposes to distribute by the third (3rd) business day after entry of the Disclosure Statement Order approving the Disclosure Statement as containing adequate information required by section 1125 of the Bankruptcy Code or as soon as reasonably practicable thereafter (the "Solicitation Date"), to each holder of an allowed claim or interest entitled to vote on the Chapter 11 Plan, a solicitation package (each, a "Solicitation Package") containing copies of the following:

(i) the notice, in substantially the form of Exhibit A-1 attached hereto (the "Confirmation Hearing Notice"),

(ii) the Disclosure Statement (including the annexed Chapter 11 Plan and Disclosure Statement Order (without exhibits)),

(iii) a ballot to accept or reject the Chapter 11 Plan, in substantially the form of the appropriate ballot corresponding to the class under the Chapter 11 Plan of the claimant or interest holder's claim or interest, as the case may be, set forth in the form ballot attached hereto as Exhibit B (each, a "Ballot"),

(iv) a pre-paid, pre-addressed return envelope, and

(v) such other materials as the Court may direct.

PCAA proposes to distribute the Solicitation Packages to the holders of allowed claims in Classes 2 and 6 through 19 as of the record date established by the Court, at the addresses

9

provided to PCAA by the respective holders of such claims or their counsel, or as maintained in PCAA's books and records, as the case may be.

13. By this Motion, PCAA requests that the Court establish the record date for purposes of determining creditors entitled to vote on the Chapter 11 Plan as the first day of the proposed hearing on this Motion, i.e., April 1, 2010 (the "Record Date").

**(ii) Notices of Non-Voting Status**

14. Classes 1, 3, 4, and 5 are unimpaired, and the holders of Class 1, 3, 4, and 5 claims are, pursuant to section 1126(f) of the Bankruptcy Code, deemed to accept the Chapter 11 Plan. The holders of claims or interests in Class 20 and Class 21 will receive no distributions on account of their claims or interests under the Chapter 11 Plan; therefore, Class 20 and Class 21 are impaired and the holders of interests in Class 20 and claims in Class 21 are, pursuant to section 1126(g) of the Bankruptcy Code, deemed to reject the Chapter 11 Plan.

15. To avoid duplication and reduce expenses, PCAA proposes that, consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), it will mail holders of claims against or interests in PCAA placed within a class under the Chapter 11 Plan that is deemed to accept or reject the Chapter 11 Plan notices of their non-voting status, substantially in the form of Exhibit A-2 attached hereto (the "Notice of Non-Voting Status"), in lieu of sending such holders Solicitation Packages.

16. The Notice of Non-Voting Status identifies the classes that are presumed to accept or reject the Chapter 11 Plan and sets forth the manner in which a copy of the Chapter 11 Plan and Disclosure Statement may be obtained. PCAA submits that the proposed notice and service procedures are fair and reasonable, are designed to provide creditors and equity holders with adequate notice and, thus, should be approved.

### (iii) Other Interested Parties

17. PCAA proposes to mail, on or before the Solicitation Date, a copy of the Confirmation Hearing Notice, together with the Disclosure Statement, to (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (ii) the District Director of the Internal Revenue Service (the "IRS"), (iii) the office of the United States Attorney for the District of Delaware (the "U.S. Attorney"), (iv) the Securities and Exchange Commission (the "SEC"), (v) counsel to the Committee, and (vi) all parties having filed requests for notices in this case pursuant to Bankruptcy Rule 2002.

### B. Forms of Ballots

18. Bankruptcy Rule 3017(d) requires PCAA to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). PCAA proposes to distribute a Ballot as part of the Solicitation Package to each creditor and interest holder entitled to vote. The Ballots are based on Official Form No. 14 and comply with Bankruptcy Rule 3018(c) but have been modified to address the particular aspects of these Chapter 11 Cases and to include certain additional information that PCAA believes is relevant and appropriate for each such class of claims and interests. The appropriate Ballots will be distributed to holders of impaired claims classified in Classes 2 and 6 through 19, each of which is entitled to vote. As noted above, the form of Ballots is attached hereto as Exhibit B.

### C. Establishing Voting Deadline for Receipt of Ballots

19. Bankruptcy Rule 3017(c) provides that on or before approval of a disclosure statement the court shall fix a time within which the holders of claims or interests may accept or reject a plan. PCAA anticipates commencing the solicitation on or before the proposed Solicitation Date (which is expected not to be later than the third (3rd) business day after the

entry of the Disclosure Statement Order). Based on such schedule, PCAA proposes that in order to be counted as a vote to accept or reject the Chapter 11 Plan, each Ballot must be properly executed, completed and delivered to Epiq Bankruptcy Solutions, LLC ("Epiq" or the "Notice and Balloting Agent") so that it is actually received by the Notice and Balloting Agent no later than 4:00 p.m. (prevailing Eastern Standard Time) on the date that is thirty (30) days after the Solicitation Date (the "Voting Deadline"). PCAA submits that such solicitation period complies with the Bankruptcy Code and Bankruptcy Rules and is a sufficient period within which creditors can make an informed decision whether to accept or reject the Chapter 11 Plan.

**D.     Approval of Procedures for Vote Tabulation**

20.     For purposes of voting on the Chapter 11 Plan, with respect to creditors, PCAA proposes that the amount of a claim used to tabulate acceptance or rejection of the Chapter 11 Plan should be, as applicable:

(a)     The claim listed in a debtor's schedule of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law) with respect to such claim.

(b)     The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court or Epiq (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection (or, if such claim has been resolved pursuant to a stipulation or order).

(c)     The amount allowed pursuant to the Chapter 11 Plan.

(d)     The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

(e)     Ballots for each timely filed claim (i) that is listed as contingent, unliquidated, undetermined, and/or disputed on the face of the claim or (ii) that PCAA determines, after reasonable review of the claim (including any supporting documentation contained therewith) is a contingent,

unliquidated and/or disputed claim and is not the subject of an objection filed before the Voting Deadline, shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and solely for voting purposes, shall vote in the amount of $1.00, unless otherwise allowed by Court order after a timely filed motion under Bankruptcy Rule 3018.

In addition, the following rules shall apply:

(a) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held a single claim in such class, and the votes related to such claims shall be treated as a single vote on the Chapter 11 Plan.

(b) To the extent that a creditor has filed or purchased duplicative claims that are classified under the Chapter 11 Plan in the same class, PCAA proposes to provide such creditor with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether or not PCAA has objected to the allowance of such duplicate claims.

(c) Unless otherwise ordered by the Court, all questions as to the validity, form, eligibility (including time of receipt) and revocation or withdrawal of Ballots shall be determined by PCAA, which determination shall be final and binding.

(d) PCAA may, subject to contrary order of the Court, waive any defect in any Ballot at any time, either before or after the Voting Deadline, and without notice. Unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, PCAA may (subject to contrary Court order) reject such Ballot as invalid and, therefore, decline to utilize it in connection with the confirmation of the Chapter 11 Plan.

(e) Subject to any contrary order of the Court, PCAA shall have the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of PCAA or their counsel not be in accordance with the provisions of the Bankruptcy Code.

(f) Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as PCAA or the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived.

(g) Neither PCAA, nor any other person or entity, shall be under any duty to provide notification of defects or irregularities with respect to deliveries of

Ballots nor shall any of them incur any liabilities for failure to provide such notification.

21. <u>Votes Counted</u>. Except as otherwise provided herein, PCAA proposes that any Ballot that is timely received, that contains sufficient information to permit identification of the claimant or interest holder and that is cast as an acceptance or rejection of the Chapter 11 Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Chapter 11 Plan.

22. <u>Votes Not Counted</u>. PCAA further proposes that the following Ballots not be counted or considered for any purpose in determining whether the Chapter 11 Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless PCAA granted an extension of the Voting Deadline with respect to such Ballot, (ii) any Ballot that is illegible in any material respect or contains insufficient information to permit the identification of the claimant or the claim amount, (iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Chapter 11 Plan, (iv) any unsigned Ballot, (v) any Ballot transmitted to the Notice and Balloting Agent (including by facsimile or e-mail) that does not contain an original signature, and (vi) any properly executed, timely received Ballot that partially rejects and partially accepts the Chapter 11 Plan or that does not indicate an acceptance or rejection of the Chapter 11 Plan. PCAA requests that the Notice and Balloting Agent be authorized to, in its discretion, contact voters to cure any defects in the Ballots and be authorized to so cure any defects.

23. <u>Last Ballot Counted</u>. Notwithstanding Bankruptcy Rule 3018(a), PCAA proposes that whenever a creditor or interest holder casts more than one (1) Ballot voting the same claim or interest before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent and thus to supersede any prior Ballots, without

prejudice to PCAA's right to object to the validity of the second Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first Ballot for all purposes.  This procedure of counting the last Ballot is consistent with practice under various state and federal corporate and securities laws.  Moreover, it will spare the Court and PCAA the time and expense of responding to motions brought pursuant to Bankruptcy Rule 3018(a) attempting to show cause for changing votes.

24. <u>No Vote-Splitting; Effect</u>.  PCAA proposes that creditors or interest holders must vote all of their claims within a particular class under the Chapter 11 Plan together either to accept or to reject the Chapter 11 Plan and may not split their vote(s), and that any properly executed, timely received Ballot that partially rejects and partially accepts the Chapter 11 Plan not be counted as a vote to accept or reject the Chapter 11 Plan.

25. <u>Withdrawal of Ballots</u>.  PCAA proposes to permit any claimant or interest holder who has delivered a valid Ballot for the acceptance or rejection of the Chapter 11 Plan to withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Notice and Balloting Agent at any time prior to the Voting Deadline.  A notice of withdrawal, to be valid, should (a) contain a description of the claim or interest to which it relates and, in the case of a claim, the aggregate amount represented by such claim as allowed for voting purposes, (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim or interest and possesses the right to withdraw the vote sought to be withdrawn, and (d) be received by the Notice and Balloting Agent prior to the Voting Deadline.

# III.

# ESTABLISHING NOTICE AND OBJECTION
# PROCEDURES REGARDING CONFIRMATION OF CHAPTER 11 PLAN

### A. Setting Confirmation Hearing and Objection and Reply Deadlines

26. Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c). Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight (28) days' notice by mail to all creditors and equity security holders of the time fixed for filing objections to, and the hearing to consider confirmation of, a chapter 11 plan.

27. In accordance with Bankruptcy Rules 2002(b) and (d) and 3017(c) and in view of PCAA's proposed solicitation schedule outlined herein, PCAA requests that the hearing to consider confirmation of the Chapter 11 Plan (the "Confirmation Hearing") be scheduled for a date that is not less than three (3) business days after the Voting Deadline, or as soon thereafter as counsel may be heard, provided that the Confirmation Hearing may be continued from time to time by the Court or PCAA without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

28. Pursuant to Bankruptcy Rule 3020(b)(l), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bank. P. 3020(b)(l). PCAA requests that the Court direct that objections to confirmation of the Chapter 11 Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection, (iv) be filed, together with proof of service, with the Court, and (v) be served so

that they are actually received by (a) PCAA, 621 North Governor Printz Boulevard, Essington, Pennsylvania 19029, Attn: Mark Shapiro; (b) Milbank, Tweed, Hadley & M$^c$Cloy LLP, One Chase Manhattan Plaza, New York, New York 10005-1413, Attn: Matthew S. Barr, Esq. and Michael E. Comerford, Esq.; (c) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Esq. and John H. Knight, Esq.; (d) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: David Klauder, Esq.; (e) Mayer Brown LLP, 1675 Broadway, New York, New York 10019, Attn: Frederick D. Hyman, Esq., (f) Edwards Angell Palmer & Dodge LLP, 919 North Market Street, 15th Floor, Wilmington Delaware 19801, Attn: Stuart Brown, Esq.; (g) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn: Andrew V. Tenzer, Esq.; (h) Lowenstein Sandler PC, 65 Livingston Avenue Roseland, New Jersey 07068, Attn: Bruce D. Buechler, Esq. and Mary E. Seymour, Esq., and (i) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, Delaware 19899, Attn: Ricardo Palacio, Esq. and Karen B. Skomorucha, Esq., no later than 4:00 p.m. (prevailing Eastern Standard Time) on the date that is not less than three (3) days prior to the requested date of the Confirmation Hearing (which is at least twenty-eight (28) days after the proposed distribution of the Confirmation Hearing Notice). The proposed timing for service of objections, if any, is consistent with the applicable notice requirements of Bankruptcy Rule 2002 and will afford PCAA and other significant parties in interest sufficient time to consider any objections and file any replies (in accordance with the following paragraph) while leaving the Court sufficient time to consider any such objections and replies before the Confirmation Hearing.

29. PCAA submits that if there are objections to confirmation, it will assist the Court and may expedite the Confirmation Hearing if PCAA is authorized to file replies to any such objections. Accordingly, PCAA requests that it be authorized to file and serve replies to any such objections no later than the date that is one (1) day prior to the requested date of the Confirmation Hearing.

30. PCAA submits that the proposed schedule for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Rules and will enable PCAA to pursue consummation of the Chapter 11 Plan in a timely fashion.

### B. Establishing Procedures for Notice of Confirmation Hearing

31. In accordance with Bankruptcy Rules 2002 and 3017(d), PCAA proposes to distribute a copy of the Confirmation Hearing Notice or the Notice of Non-Voting Status to all creditors and interest holders. The Confirmation Hearing Notice sets forth (i) the Voting Deadline, (ii) the time fixed for filing objections to confirmation of the Chapter 11 Plan, (iii) the time, date and place for the Confirmation Hearing, (iv) the manner in which copies of the Chapter 11 Plan and Proposed Disclosure Statement may be obtained, and (v) highlights certain Chapter 11 Plan provisions in accordance with Bankruptcy Rule 2002(c)(3). The Notice of Non-Voting Status sets forth (a) a notice of unimpaired or impaired status, as applicable, (b) the time fixed for filing objections to confirmation of the Chapter 11 Plan, (c) the time, date and place for the Confirmation Hearing, (d) the manner in which copies of the Chapter 11 Plan and Proposed Disclosure Statement may be obtained, and (e) highlights certain Chapter 11 Plan provisions in accordance with Bankruptcy Rule 2002(c)(3). Such notices will be sent on or before the Solicitation Date, which is at least twenty-eight (28) days prior to the proposed deadline to file objections to confirmation of the Chapter 11 Plan.

18

32. Bankruptcy Rule 2002(l) provides that the Court may authorize notice by publication where it determines that notice by mail is impracticable or that it is otherwise desirable to provide supplemental notice. See Fed. R. Bankr. P. 2002(l). In addition to mailing the Confirmation Hearing Notice, PCAA proposes to publish the Confirmation Hearing Notice once in the Wall Street Journal, or a similarly circulated newspaper, on or within three (3) days after the Solicitation Date, which is twenty-eight (28) days before the deadline to file objections to confirmation of the Chapter 11 Plan. PCAA believes that service and publication of the Confirmation Hearing Notice as described herein is appropriate and sufficient notice under the Bankruptcy Rules and the circumstances of these cases.

## No Previous Request

33. No previous motion or application for the relief sought herein has been made to this or any other court.

## Notice

34. Notice of this Motion has been provided to the following parties or their legal counsel (if known): (i) the U.S. Trustee, (ii) PCAA's prepetition secured lenders, and their respective agents, if any, (iii) the agents for PCAA's proposed debtor-in-possession lenders, (iv) counsel to the Creditors' Committee, (v) those persons that have requested notice pursuant to Bankruptcy Rule 2002, (vi) the District Director and (vii) the SEC. PCAA submits that, in light of the relief requested, no other or further notice need be provided.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, PCAA respectfully requests entry of an order, substantially in the form attached as <u>Exhibit C</u> to this Motion, (i) approving the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code; (ii) establishing the Record Date for determining the holders of claims entitled to vote on the Chapter 11 Plan and approving procedures for the solicitation of votes, including (a) approving solicitation packages and procedures for distribution thereof, (b) approving forms of Ballots, (c) approving notices to non-voting classes under the Chapter 11 Plan, (d) establishing a voting deadline for the receipt of Ballots, and (e) approving procedures for vote tabulation; (iii) scheduling a hearing to consider confirmation of the Chapter 11 Plan and approving the form and manner of notice thereof; and (iv) granting such other relief as is just and proper.

Dated: February 17, 2010
       Wilmington, Delaware

Respectfully submitted,

*/s/ Lee E. Kaufman*
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Lee E. Kaufman (No. 4877)
Zachary I. Shapiro (No. 5103)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
Matthew S. Barr
Michael E. Comerford
One Chase Manhattan Plaza
New York, NY 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Proposed Attorneys for PCAA Parent, LLC, et al.*