IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
                                                      :
In re:                                                :   Chapter 11
                                                      :
                                                      :   Case No. 10-10250 (MFW)
PCAA PARENT, LLC, et al.,¹                            :
                                                      :   Jointly Administered
                                                      :
                                                      :
            Debtors.                                  :   Re: Docket No. 22
------------------------------------------------------x
```

### ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS, (II) AUTHORIZING PCAA TO ENTER INTO AN ASSET PURCHASE AGREEMENT IN CONNECTION THEREWITH, (III) APPROVING BREAK-UP FEE AND EXPENSE REIMBURSEMENT PROTECTIONS, (IV) SCHEDULING AUCTION AND HEARING DATES, AND (IV) GRANTING OTHER RELATED RELIEF

Upon the motion, dated January 28, 2010 [Docket No. 22] (the "Motion"), of PCAA Parent, LLC, together with its affiliated debtors and debtors in possession (collectively, "PCAA") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant to sections 105, 363, 365, and 503 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for orders, among other things, as to the following: (i) approving the bidding procedures attached hereto as Exhibit A (the "Bidding Procedures"), (ii) authorizing PCAA to enter into that certain Asset Purchase Agreement by and between PCAA Parent, LLC and the other debtors named therein (collectively, the "Sellers") and Bainbridge/ZKS Holding

---

[1] The PCAA entities, along with the last four digits of their respective federal tax identification numbers (as applicable), are as follows: PCAA Parent, LLC (8827); PCAA Chicago, LLC (0860); PCAA GP, LLC (4237); PCAA LP, LLC (none); PCAA Properties, LLC (0617); PCAA SP, LLC (3465); Airport Parking Management, Inc. (7571); PCAA Missouri, LLC (5702); PCAA SP-OK, LLC (none); PCAA Oakland, LLC (9451); Parking Company of America Airports, LLC (9249); PCA Airports, Ltd. (8348); Parking Company of America Airports Phoenix, LLC (8343); and RCL Properties, LLC (2006). The mailing address for PCAA is 621 North Governor Printz Boulevard, Essington, PA 19029.

Company, LLC ("Buyer"), dated as of January 28, 2010 (including all exhibits, schedules and agreements attached thereto, the "Agreement") or an asset purchase agreement, if any, related to any higher or otherwise better bid, (iii) approving the Break-Up Fee and Expense Reimbursement as set forth in the Agreement (collectively, the "Stalking Horse Provisions"), (iv) approving the form and manner of notice of the sale of assets as set forth in the Motion (the "Procedures Notice"), (v) approving the form and manner of notice of the assumption and assignment of executory contracts and the process for determining any defaults and cure costs or other obligations owing or that may become owing to contract and lease counterparties upon assumption and assignment as set forth herein (the "Contract Procedures"); and (vii) scheduling the Auction for April 27, 2010 and a hearing for May 14 ], 2010 at 10:30 a.m. to approve the sale of the Purchased Assets (the "Sale Hearing"), the assumption and assignment of certain executory contracts and unexpired leases (the "Assumed Agreements"), and the other transactions contemplated by the Agreement (collectively, the "Transactions"); and upon the Court having held a hearing on February 17, 2010 to consider the relief requested in the Motion (the "Procedures Hearing"); and upon the record of the Procedures Hearing with respect to the Motion, the testimony and evidence admitted at the Procedures Hearing and any objections filed and raised at the Procedures Hearing; and upon all of the proceedings had before the Court; and after due deliberation thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Court has exclusive jurisdiction over this matter and over the property of PCAA and its respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). This matter is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(A), (N), and (O). The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105, 363, 364, 365 and 503 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014. Venue of this case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. PCAA has provided due and proper notice of the Motion, the Bidding Procedures, and the Procedures Hearing to (i) the U.S. Trustee, (ii) counsel for the Buyer, (iii) counsel for the Creditors' Committee, (iv) PCAA's prepetition secured lenders, and their respective agents, if any, (v) the agents for PCAA's proposed DIP lenders, and (vi) those creditors of PCAA holding the 30 largest unsecured claims, and no other or further notice need be provided. A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the Bidding Procedures and the Stalking Horse Provisions) has been afforded.

C. PCAA has articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) authorize PCAA's entry into the Agreement with respect to the Bidding Procedures and Stalking Horse Provisions, (iii) approve the Stalking Horse Provisions, (iv) approve the Procedures Notice, (v) approve the Contract Procedures, and (vi) set dates for objections, competing bids, auction, and hearing as described herein. Such good and sufficient reasons were set forth in the Motion and on the record at the Procedures Hearing and are incorporated by reference herein, and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

D. The Procedures Notice is appropriate and reasonably calculated to provide all interested parties with timely and proper notice and an opportunity to be heard with respect to the relief requested in the Motion, and no other or further notice is required.

E. The Bidding Procedures, including the Stalking Horse Provisions set forth

herein, are commercially reasonable, necessary and appropriate. The Bidding Procedures, including the Stalking Horse Provisions, were negotiated at arms' length and in good faith between PCAA and the Buyer. The Buyer has conditioned its bid on the provision for the Break-Up Fee and the Expense Reimbursement.

F. PCAA has demonstrated a compelling and sound business justification for authorization to, (i) enter into the Agreement with respect to the Bidding Procedures, and (ii) under certain circumstances (described infra), pay the Break-Up Fee (as modified by this Order) and Expense Reimbursement under the terms and conditions set forth in Section 7.1 of the Agreement.

G. The Break-Up Fee and Expense Reimbursement, as set forth in Section 7.1 of the Agreement, and as further described in the Bidding Procedures are fair and reasonable, were negotiated at arms' length and in good faith, and provide a significant and demonstrable benefit to PCAA's estates and creditors.

H. PCAA's payment of the Break-Up Fee and/or the Expense Reimbursement, both under this Order and upon the conditions set forth in the Agreement, are (i) actual and necessary costs of preserving PCAA's estates within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code, (ii) of substantial benefit to PCAA's estates and creditors and all parties in interest herein, (iii) reasonable and appropriate, including in light of the size and nature of the Transactions, and the efforts that have been and will be expended by the Buyer in connection with the Transactions, and (iv) a material inducement for, and condition necessary to ensure that, the Buyer pursue the Transactions.

I. The Contract Procedures are reasonable and appropriate, provide counterparties to the Assumed Agreements and all other parties in interest with due process

including proper notice and an opportunity to be heard, and conform in all respects to the relevant portions of the Bankruptcy Code the Bankruptcy Rules, and Local Rules, except to the extent that, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and Local Rules, the Court has determined it is permissible and appropriate to require modified cure procedures in light of the facts and circumstances of the proposed Transactions and PCAA's Chapter 11 Cases.

J. The dates established below and in the notices annexed to the Motion for (i) any objections to the sale of assets, assumption, and assignment of executory contracts and unexpired leases, defaults and cure costs and other obligations under executory contracts and unexpired leases, (ii) any competing bids for the purchase of assets, contracts, and leases, (iii) an auction to consider any qualifying competing bids submitted by the Bid Deadline, and (iv) a hearing to approve the sale of assets and the assumption and assignment of Assumed Agreements and other Transactions are reasonable and appropriate, provide counterparties to the Assumed Agreements and all other parties in interest with due process including proper notice and an opportunity to be heard, and conform in all respects to the relevant portions of the Bankruptcy Code , the Bankruptcy Rules, and Local Rules, except to the extent that, in accordance with the Bankruptcy Code and the Bankruptcy Rules, the Court has determined it is permissible and appropriate to require modified dates in light of the facts and circumstances of the proposed Transactions and PCAA's Chapter 11 Cases.

K. Entry of this Order is in the best interests of PCAA and its estates, creditors, interest holders and all other parties-in-interest.

L. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

M. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted in its entirety and as provided herein.

2. Notwithstanding anything to the contrary contained in this Order, the Creditors' Committee reserves all rights to object to any provision of the Agreement at the Sale Hearing other than the Bidding Procedures and Stalking Horse Provisions.

3. The Creditors' Committee reserves all rights to object to the pre-petition lenders ability to credit bid their claims at the Auction and Sale Hearing pursuant to section 363(k) of the Bankruptcy Code.

4. All objections filed in response to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are specifically overruled in all respects on the merits.

5. PCAA is hereby granted full corporate power and authority to execute the Agreement as it relates to the Bidding Procedures and the Stalking Horse Provisions, and all other documents and instruments contemplated thereby, provided that the performance by PCAA under such agreements, documents and instruments, except as expressly authorized herein, shall remain subject to the occurrence of the Sale Hearing and entry of the Sale Order.

**I.** **Approval of the Bidding Procedures**

6. The Bidding Procedures for the competitive bidding on and sale and assignment of the Purchased Assets, as set forth on <u>Exhibit A</u> hereto and incorporated herein, are

hereby approved in their entirety and PCAA is authorized to act in accordance therewith. The failure specifically to include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

7. To constitute a "Qualified Bid," a bid (other than the Agreement) must be received by the Bid Deadline (as defined in the Bidding Procedures) and comply with the Bidding Procedures. The Agreement is a Qualified Bid and the Buyer is deemed a Qualified Bidder.

8. PCAA (a) may determine which Qualified Bid (as defined in the Bidding Procedures), if any, is the highest or otherwise best offer and (b) may reject, at any time, any bid that is (i) inadequate and insufficient, (ii) not in conformity with the requirements of the Bidding Procedures, or (iii) contrary to the best interests of PCAA, its estates and their constituencies, as determined by PCAA after consultation with the Creditors' Committee. Only Qualified Bids shall be considered. Notwithstanding anything contained in this paragraph 8 to the contrary, the Buyer's bid under the Agreement is a Qualified Bid.

## II. Approval of the Sale Notice

9. The Procedures Notice, attached as Exhibit D to the Motion is hereby approved.

10. The Procedures Notice constitutes sufficient notice of the Motion, the Agreement, and the sale of the Purchased Assets, including the Assumed Agreements, free and clear of all liens, claims, encumbrances, and other interests, the assumption of the Assumed Liabilities by the Buyer, the retention of the Excluded Liabilities by the Sellers, and the Transactions, and no other or further notice is necessary or required.

11. Service of the Procedures Notice on the Notice Parties in the manner

described herein and in the Motion constitutes good and sufficient notice of the Auction and the Sale Hearing. No other or further notice is necessary or required.

### III. Approval of Contract Procedures

12. The Contract Procedures regarding the process for (i) providing notice of the assumption and assignment of the Assumed Agreements, (ii) determining any defaults that may exist under the Assumed Agreements, and (iii) determining any cure costs or other obligations that are owing or that may become owing to contract and lease counterparties upon assumption and assignment of the Assumed Agreements, as set forth on <u>Exhibit F</u> to the Motion and incorporated herein by reference, are hereby approved and shall govern all proceedings relating to the Transactions.

13. On or prior to the Bid Deadline, PCAA shall file with the Court a schedule of Assumed Agreements as designated in the Agreement and subject to modification as set forth therein. PCAA shall serve each of the counterparties to the Assumed Agreements and all other parties in interest, if any, with the Assignment and Cure Notice, as set forth on <u>Exhibit F</u> attached to the Motion, which notice shall include a list of any Cure Amounts that PCAA believes may be payable upon assumption and assignment of such Assumed Agreement and the deadlines by which such non-debtor parties must object.

14. The Assignment and Cure Notice, as set forth on <u>Exhibit F</u> to the Motion, constitutes sufficient notice to counterparties to the Assumed Agreements and all other parties in interest, if any, of the assumption and assignment of the Assumed Agreements, the proposed Cure Amounts (if any), the assumption of the Assumed Liabilities by the Buyer, the retention of the Excluded Liabilities by the Sellers, and no other or further notice is necessary or required. The delivery of an Assignment and Cure Notice does not obligate the Buyer to take assignment

of any contract and the assignment of contracts shall occur only in accordance with, and subject to the conditions of, the Agreement or any other agreement executed by the Successful Bidder (as defined in the Bidding Procedures).

15. The Contract Procedures constitute a sufficient process for determining any defaults that may exist under the Assumed Agreements, and for determining any Cure Amounts or other obligations that are owing or that may become owing to counterparties under Assumed Agreements upon assumption and assignment, and no other or further process is necessary or required.

16. Any objections to the assumption and/or assignment of any Assumed Agreement, including to the Cure Amounts set forth on such notice, must be in writing, filed with the Court, and be actually received in accordance with the Contract Procedures.

17. Provided that the Contract Procedures are complied with in all material respects, (i) all counterparties to the Assumed Agreements and all other parties in interest shall be deemed to have received notice of the assumption and assignment of the Assumed Agreements and the proposed Cure Amounts for the Assumed Agreements, the assumption of the Assumed Liabilities by the Buyer and the retention of the Excluded Liabilities by the Sellers, as may be required by the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, or otherwise, and any party in interest that fails to raise an objection to the assumption and assignment of an Assumed Agreement in accordance with the process and deadlines set forth herein shall be deemed to have fully and forever waived such objection; and (ii) all counterparties to the Assumed Agreements and all other parties in interest shall be deemed to have had sufficient opportunity to raise and be heard on any defaults, Cure Amounts or other obligations that such counterparty or other party in interest may allege exist or will become due

and owing under any Assumed Agreements upon assumption and assignment, as may be required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or otherwise, and any counterparty or other party in interest that fails to raise any alleged defaults or Cure Amounts or other obligations in accordance with the process and deadlines set forth herein shall be deemed to have fully and forever waived such default, Cure Amounts, or other obligations.

18. If a timely objection is received and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at a later date set by the Court. The pendency of a dispute relating to Cure Amounts will not prevent or delay the assumption and assignment of any contracts designated as an Assumed Agreement at Closing.

### IV. Approval of the Stalking Horse Provisions

19. The Stalking Horse Provisions are hereby approved, and PCAA is hereby authorized and directed to perform their obligations thereunder.

20. Without limiting the immediately preceding paragraph, PCAA is authorized and directed to pay the Break-Up Fee and the Expense Reimbursement as provided under the Agreement without further application to or order from the Court. The Break-Up Fee shall be equal to $3,066,250, and shall be paid as an administrative expense of PCAA's estates in the manner provided in the Agreement upon the occurrence of any of the conditions set forth in section 7.1(a) of the Agreement. The Expense Reimbursement shall be in an amount equal to the actual and documented out-of-pocket fees and expenses of the Buyer, up to a maximum of $750,000, and shall be paid as an administrative expense of PCAA's estates in the manner provided in the Agreement upon the occurrence of any of the conditions set forth in section 7.1(a) of the Agreement.

21. Each PCAA debtor's obligation to pay the Break-Up Fee upon the

occurrence of the conditions set forth in section 7.1(a) of the Agreement and to pay the Expense Reimbursement upon the conditions set forth in section 7.1(a) of the Agreement shall be joint and several with the other PCAA debtors, shall survive termination of the Agreement and shall constitute a super-priority administrative claim against each and all of the PCAA debtors pursuant to sections 503(b) and 507(a) of the Bankruptcy Code. Without limiting the foregoing, in the event that the Break-Up Fee or the Expense Reimbursement is payable pursuant to section 7.1 of the Agreement and a competing transaction is consummated prior to the payment of the Break-Up Fee or the Expense Reimbursement, the proceeds (or right to the proceeds) of such transaction in an amount equal to the unpaid portion(s) of the Break-Up Fee and the Expense Reimbursement shall be remitted directly to the Buyer or held in trust for the Buyer and shall not become property of PCAA's estates until all obligations under the Agreement are paid in full pursuant to this Order and the Agreement.

## V. Setting of Relevant Dates

22. The following shall be the dates that govern the Transactions, all as further described in the Bidding Procedures, the Procedures Notice, and the Contract Procedures:

> (a) **Procedures Notice and Contract Notice Dates**. A Procedures Notice substantially in the form attached as <u>Exhibit D</u> to the Motion shall be served by PCAA (including, to the extent available, by electronic service) to all creditors and other potential parties in interest within three (3) business days after entry of this Order.
>
> A separate contract notice in the form attached as <u>Exhibit E</u> to the Motion (the "<u>Assignment and Cure Notice</u>") shall be sent by PCAA by first-class mail (and, to the extent available, electronic service) to all counterparties to contracts designated for possible assumption by PCAA and assignment to the Buyer as soon as practicable after the entry of this Order, but by no later than the Bid Deadline and otherwise in accordance with the applicable Bankruptcy Rules.

(b) **Sale Objection Deadline**. Objections to the Sale Order, if any, shall be filed and served on [May 7 ], 2010, by no later than 4:00 p.m. (Eastern Time), and objections to the Auction or the selection of the highest or otherwise best bid shall be filed and served by no later than 4:00 p.m. (Eastern Time) on [May 3 ], 2010.

(c) **Bid Deadline**. A Qualified Bidder (as defined in the Bidding Procedures) who desires to make a bid must deliver a Qualified Bid (as defined in the Bidding Procedures) so as to be received not later than 4:00 p.m. (Eastern Time) on April 21, 2010 (the "Bid Deadline"), to (a) SSG Capital Advisors, LLC, Five Tower Bridge, 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428, Attention: Robert Smith, investment banker to PCAA, with copies to: (b) Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, 1 Chase Manhattan Plaza, New York, NY 10014, Attention: John D. Franchini and Matthew S. Barr and (c) Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07069 Attn: Bruce Buechler and Mary E. Seymour. The Buyer and other Qualified Bidders shall receive a copy of the Marked Agreement for the Baseline Bid not later than two (2) Business Days prior to the Auction.

(d) **Contract Objection Deadline**. Objections to the assumption and assignment of a Purchased Contract and/or the proposed Cure Amounts, if any, shall be filed and served on each of (a) Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, 1 Chase Manhattan Plaza, New York, NY 10014, Attention: John D. Franchini, Matthew S. Barr (b) Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York, 10022, Attention: Andrew Goldman, (c) Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York, 10019, Attention: Gary Boss, Timothy Q. Karcher, and (d) Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068 Attention: Bruce Buechler and Mary E. Seymour, no later than 4:00 p.m. (Eastern Time) on the day that is ten (10) days following service of the Assignment and Cure Notice.

(e) **Auction Date**. If any Qualified Bids are submitted by the Bid Deadline, the Auction shall be held on April 27, 2010, at the offices of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, 1 Chase Manhattan Plaza, New York, NY 10014 at 10:00 a.m. (Eastern Time) or such other date as announced in accordance with the Bidding Procedures. If no Qualified Bids are submitted prior to the Bid Deadline, no auction shall be held.

RLF1 3538675v.1

(f) **Sale Hearing Date**. The Court shall hold a hearing on [May 14], 2010, at [10:30] a.m. ~~p.m.~~ (Eastern Time) (the "Sale Hearing") in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801, at which time the Court shall consider the approval of the sale as set forth in the Motion, approve the Successful Bidder (as defined in the Bidding Procedures) and Next Highest Bidder (as defined in the Bidding Procedures), and confirm the results of the Auction, if any.

23. The failure of any person or entity to file and serve an objection by the applicable Sale Objection Deadline or Cure Objection Deadline shall be a bar to the assertion by such creditor, counterparty or other party in interest in these Chapter 11 Cases, at the Sale Hearing or thereafter, of any objection to the Motion, the Transactions, the assumption and assignment of the Assumed Agreements, the defaults and Cure Amounts under the Assumed Agreements, or PCAA's consummation and performance of the Agreement and related agreements and documents (including, without limitation, its transfer of the Purchased Assets and the assumption and assignment of the Assumed Agreements (including the Real Property Leases), in each case free and clear of all liens, claims, encumbrances, and interests).

24. The Sale Hearing (in consultation with the Committee) may be adjourned or rescheduled without notice, other than by an announcement of such adjournment at the Sale Hearing, provided that, unless such adjournment or rescheduling is at the request of the Bankruptcy Court, it is subject to the Buyer's consent, which may be withheld in its sole discretion.

25. Notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) are hereby waived.

26. All time periods set forth in this Order shall be calculated in accordance

with Bankruptcy Rule 9006(a).

27. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

28. This Court shall retain jurisdiction over any matters related to or arising from the implementation or interpretation of this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

29. PCAA shall serve the Procedures Notice on the Notice Parties within three (3) business days after entry of this Order.

Dated: February 17, 2010
       Wilmington, Delaware

                                        THE HONORABLE MARY F. WALRATH
                                        UNITED STATES BANKRUPTCY JUDGE