IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re: : Chapter 11
:
: Case No. 10-10250 (MFW)
PCAA PARENT, LLC, et al.,[1] :
: (Jointly Administered)
:
Debtors. : Re: Docket No. 126
------------------------------------------------------------x

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING SOLICITATION PROCEDURES, (III) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO CONFIRMATION OF JOINT CHAPTER 11 PLAN OF PCAA PARENT, LLC AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

Upon the Motion, dated February 17, 2010 (the "Motion")[2] of PCAA Parent, LLC and its affiliated debtors and debtors in possession (collectively, "PCAA") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an order, pursuant to sections 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended, the "Local Rules"), (i) approving PCAA's First Amended Disclosure

---

[1] The PCAA entities, along with the last four digits of their respective federal tax identification numbers (as applicable), are as follows: PCAA Parent, LLC (8827); PCAA Chicago, LLC (0860); PCAA GP, LLC (4237); PCAA LP, LLC (none); PCAA Properties, LLC (0617); PCAA SP, LLC (3465); Airport Parking Management, LLC (7571); PCAA Missouri, LLC (5702); PCAA SP-OK, LLC (none); PCAA Oakland, LLC (9451); Parking Company of America Airports, LLC (9249); PCA Airports, Ltd. (8348); Parking Company of America Airports Phoenix, LLC (8343); and RCL Properties, LLC (2006). The mailing address for PCAA is 621 North Governor Printz Boulevard, Essington, PA 19029.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or Disclosure Statement (defined herein).

Statement, Pursuant To 11 U.S.C. § 1125, With Respect To First Amended Joint Chapter 11 Plan Of PCAA Parent, LLC And Its Affiliated Debtors And Debtors In Possession, dated April 15, 2010 [Docket No. 268] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"); (ii) establishing a record date for determining the holders of claims entitled to vote on the First Amended Joint Chapter 11 Plan Of PCAA Parent, LLC And Its Affiliated Debtors And Debtors In Possession [Docket No. 267] (the "Chapter 11 Plan") and approving procedures for the solicitation of votes, including (a) approving solicitation packages and procedures for distribution thereof, (b) approving forms of ballots, (c) approving notices to non-voting classes under the Chapter 11 Plan, (d) establishing a voting deadline for the receipt of ballots, and (e) approving procedures for vote tabulation; and (iii) scheduling a hearing to consider confirmation of the Chapter 11 Plan and approving the form and manner of notice thereof, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interest of PCAA, its creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore:

## IT IS HEREBY FOUND THAT:[3]

A. The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

B. The Disclosure Statement complies with Bankruptcy Rule 3017.

C. The form of the ballots for voting to accept or reject the Chapter 11 Plan annexed hereto as Exhibit B (the "Ballots") is consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases and are appropriate for each class of claims or interests entitled to vote to accept or reject the Chapter 11 Plan.

D. Ballots need not be provided to the holders of claims in Class 1 (Priority Non-Tax Claims), Class 3 (Chicago Secured Claims), Class 4 (RCL Secured Claims), Class 5 (Other Secured Claims), Class 6 (Chicago GUC Claims), Class 7 (RCL GUC Claims), Class 8 (Oakland GUC Claims), Class 9 (Properties GUC Claims), Class 11 (Equity Interests and Related Claims) and Class 12 (Intercompany Claims). Such classes are not entitled to vote on the Chapter 11 Plan because either such classes (i) are unimpaired under the Chapter 11 Plan and presumed to accept the Chapter 11 Plan, or (ii) will not receive or retain any property under the Chapter 11 Plan and are presumed to reject the Chapter 11 Plan.

E. The period, set forth below, during which PCAA may solicit acceptances or rejections of the Chapter 11 Plan is a reasonable and adequate period of time for creditors and interest holders entitled to vote on the Chapter 11 Plan to make an informed decision whether to accept or reject the Chapter 11 Plan.

F. The procedures for the solicitation and tabulation of votes to accept or reject the Chapter 11 Plan (as more fully set forth in the Motion and as revised herein) provide

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bank. P. 7052.

3

for a fair and equitable voting process and are consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

G. The procedures set forth below for providing notice to all creditors, equity interest holders and other parties in interest of the time, date, and place of the hearing to consider, and the deadline for filing objections to, confirmation of the Chapter 11 Plan (the "Confirmation Hearing") and the distribution and contents of the Solicitation Packages (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute adequate and sufficient notice to all interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as modified by this Order.

2. The Disclosure Statement is approved.

3. All objections to the Disclosure Statement not otherwise withdrawn or resolved by this Order are hereby overruled.

4. The form of Ballots, substantially in the form attached hereto as Exhibit B, are approved.

5. The record date for purposes of determining creditors entitled to vote on the Chapter 11 Plan is April 15, 2010 (the "Record Date").

6. Holders of claims in Classes 2 and 10 (collectively, the "Voting Classes") as of the Record Date are entitled to vote to accept or reject the Chapter 11 Plan.

7. On or before the third (3rd) business day after entry of this Order (i.e., April 20, 2010, the "Solicitation Date"), or as soon as reasonably practicable thereafter, PCAA shall distribute to each holder of claims in the Voting Classes a solicitation package (each, a

4

"Solicitation Package") containing copies of (i) the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit A-1, which form is hereby approved, (ii) the Disclosure Statement (including a copy of this Order (without exhibits) and the Chapter 11 Plan), (iii) a Ballot and a return envelope and (iv) the Creditors' Committee's Plan Solicitation Letter.

8. On or before the Solicitation Date, PCAA shall distribute a notice of non-voting status (the "Notice of Non-Voting Status"), substantially in the form attached hereto as Exhibit A-2, which form is hereby approved, to all known holders of claims or interests, as of the Record Date, in Classes 1, 3, 4, 5, 6, 7, 8, 9, 11 and 12, which classes are not entitled to vote under the Chapter 11 Plan.

9. The Notice of Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules and therefore PCAA is not required to distribute copies of the Chapter 11 Plan, Disclosure Statement or any Solicitation Package to any holder of a claim under the Chapter 11 Plan in Classes 1, 3, 4, 5, 6, 7, 8, 9, 11 and 12 unless such party makes a request of PCAA therefor.

10. All Ballots shall be properly executed, completed, and delivered with original signatures to Epiq Bankruptcy Solutions, LLC (the "Notice and Balloting Agent") so that they are received by the Notice and Balloting Agent no later than 4:00 p.m. (Eastern Daylight Time) on May 11, 2010 (the "Voting Deadline").

11. Except as otherwise provided herein, any Ballot that is timely received with an original signature, that contains sufficient information to permit identification of the claimant or interest holder and that is cast as an acceptance or rejection of the Chapter 11 Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Chapter 11 Plan.

5

12. The following Ballots will not be counted or considered for any purpose in determining whether the Chapter 11 Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless PCAA, in consultation with the Creditors' Committee, granted an extension of the Voting Deadline with respect to such Ballot, (ii) any Ballot that is illegible in any material respect or contains insufficient information to permit the identification of the claimant or the claim amount, (iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Chapter 11 Plan, (iv) any unsigned Ballot, (v) any Ballot transmitted to the Notice and Balloting Agent (including by facsimile or e-mail) that does not contain an original signature, and (vi) any properly executed, timely received Ballot that partially rejects and partially accepts the Chapter 11 Plan or that does not indicate an acceptance or rejection of the Chapter 11 Plan.

13. The Notice and Balloting Agent is authorized to, in its discretion, contact voters to cure any defects in the Ballots and is authorized to so cure any defects.

14. Notwithstanding Bankruptcy Rule 3018(a), whenever a creditor or interest holder casts more than one Ballot voting the same claim or interest before the Voting Deadline, the last Ballot received before the Voting Deadline will deemed to reflect the voter's intent and thus to supersede any prior Ballots, without prejudice to PCAA's right to object to the validity of the second Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first Ballot for all purposes.

15. Creditors or interest holders must vote all of their claims within a particular class under the Chapter 11 Plan together either to accept or to reject the Chapter 11 Plan and may not split their vote(s), and any properly executed, timely received Ballot that partially rejects and

partially accepts the Chapter 11 Plan shall not be counted as a vote to accept or reject the Chapter 11 Plan.

16. Any claimant or interest holder who has delivered a valid Ballot for the acceptance or rejection of the Chapter 11 Plan shall be permitted to withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Notice and Balloting Agent at any time prior to the Voting Deadline; provided, however, that a notice of withdrawal, to be valid, shall (a) contain a description of the claim or interest to which it relates and, in the case of a claim, the aggregate amount represented by such claim as allowed for voting purposes, (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim or interest and possesses the right to withdraw the vote sought to be withdrawn, and (d) be received by the Notice and Balloting Agent prior to the Voting Deadline.

17. The Confirmation Hearing shall be held at 10:30 a.m. (Eastern Daylight Time) on May 14, 2010, or as soon thereafter as counsel may be heard; provided, however, that the Confirmation Hearing may be continued from time to time by the Court or PCAA without further notice other than announcement of such adjournments in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

18. The Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached hereto as Exhibit A-1 and Exhibit A-2, respectively, are hereby approved and deemed adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 2002.

19. PCAA shall publish a notice substantially in the form of the Confirmation Hearing Notice once in the Wall Street Journal, or a similarly circulated newspaper, on or before April 23, 2010.

20. Any objections to confirmation of the Chapter 11 Plan shall (i) be in writing, (ii) state the name and address of the objecting party and the nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court, and be served so that they are actually filed and received no later than 4:00 p.m. (Eastern Daylight Time) on May 11, 2010 by (a) PCAA, 621 North Governor Printz Boulevard, Essington, Pennsylvania 19029, Attn: Mark Shapiro; (b) Milbank, Tweed, Hadley & M$^c$Cloy LLP, One Chase Manhattan Plaza, New York, New York 10005-1413, Attn: Matthew S. Barr, Esq. and Michael E. Comerford, Esq.; (c) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Esq. and John H. Knight, Esq.; (d) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: David Klauder, Esq.; (e) Mayer Brown LLP, 1675 Broadway, New York, New York 10019, Attn: Frederick D. Hyman, Esq., (f) Edwards Angell Palmer & Dodge LLP, 919 North Market Street, 15th Floor, Wilmington Delaware 19801, Attn: Stuart Brown, Esq.; (g) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn: Andrew V. Tenzer, Esq.; (h) Lowenstein Sandler PC, 65 Livingston Avenue Roseland, New Jersey 07068, Attn: Bruce D. Buechler, Esq. and Mary E. Seymour, Esq., and (i) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, Delaware 19899, Attn: Ricardo Palacio, Esq. and Karen B. Skomorucha, Esq.

21. Objections to confirmation of the Chapter 11 Plan that are not timely filed, served and actually received in the manner set forth above may not be considered by the Court and may be deemed overruled.

22. PCAA and other parties in interest are authorized to file replies or responses to any such objections by no later than 4:00 p.m. (Eastern Daylight Time) on May 13, 2010.

23. PCAA is authorized, in its sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court unless such action materially impacts the rights and obligations of parties under the Chapter 11 Plan and/or the Disclosure Statement.

24. PCAA is authorized to make non-substantive changes to the Disclosure Statement and the Chapter 11 Plan without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Chapter 11 Plan and any other materials in the Solicitation Package prior to their mailing, provided that the Creditors' Committee will be given notice of such changes prior to such mailing.

25. All notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

26. PCAA is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

27. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: April 16, 2010

                                              HONORABLE MARY F. WALRATH
                                              UNITED STATES BANKRUPTCY JUDGE