# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
                                                               :    Case No. 10-10250 (MFW)
PCAA PARENT, LLC, et al.,[1]                                   :
                                                               :    (Jointly Administered)
                                                               :
                    Debtors.                                   :
---------------------------------------------------------------x

**NOTICE OF ENTRY OF ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING SOLICITATION PROCEDURES AND (III) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF CHAPTER 11 PLAN**

PLEASE TAKE NOTICE that:

       1.    ***Approval of Disclosure Statement.***  By order dated April 16, 2010 (the "Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the First Amended Disclosure Statement, Pursuant To 11 U.S.C. § 1125, With Respect To First Amended Joint Chapter 11 Plan Of PCAA Parent, LLC And Its Affiliated Debtors And Debtors In Possession, dated April 15, 2010 (the "Disclosure Statement")[2] filed by PCAA Parent, LLC, together with its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "PCAA"), and authorized PCAA to solicit votes to accept or reject the First Amended Joint Chapter 11 Plan Of PCAA Parent, LLC And Its Affiliated Debtors And Debtors In Possession, dated April 15, 2010 (the "Chapter 11 Plan"), attached as Exhibit 2 to the Disclosure Statement.  In the Order, in connection with granting approval of the Disclosure Statement, the Court (a) approved the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Chapter 11 Plan, (b) approved certain vote

---

[1]    The PCAA entities, along with the last four digits of their respective federal tax identification numbers (as applicable), are as follows: PCAA Parent, LLC (8827); PCAA Chicago, LLC (0860); PCAA GP, LLC (4237); PCAA LP, LLC (none); PCAA Properties, LLC (0617); PCAA SP, LLC (3465); Airport Parking Management, LLC (7571); PCAA Missouri, LLC (5702); PCAA SP-OK, LLC (none); PCAA Oakland, LLC (9451); Parking Company of America Airports, LLC (9249); PCA Airports, Ltd. (8348); Parking Company of America Airports Phoenix, LLC (8343); and RCL Properties, LLC (2006).  The mailing address for PCAA is 621 North Governor Printz Boulevard, Essington, PA 19029.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement, Chapter 11 Plan, or PCAA's Motion For Order (I) Approving Disclosure Statement, (II) Establishing Solicitation Procedures, (III) Scheduling Hearing And Establishing Notice, And Objection Procedures With Respect To Confirmation Of Joint Chapter 11 Plan Of PCAA Parent, LLC And Its Affiliated Debtors And Debtors In Possession (Docket No. 126).

1

tabulation procedures, and (c) established the deadline for filing objections to the Chapter 11 Plan and scheduling a hearing to consider the confirmation of the Chapter 11 Plan.

2. ***Confirmation Hearing.*** A hearing (the "Confirmation Hearing") to consider confirmation of the Chapter 11 Plan will be held at 10:30 a.m. (Eastern Daylight Time) on May 14, 2010, before The Honorable Mary F. Walrath, United States Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Wilmington, DE 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by PCAA of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by PCAA with the Court.

3. ***Who May Vote.*** Only creditors that hold a claim in Classes 2 and 10, on the April 15, 2010 record date established in the Order are entitled to vote on the Chapter 11 Plan. All other Classes of claims are non-voting under the Chapter 11 Plan and not entitled to vote on the Chapter 11 Plan, and therefore will receive notices of non-voting status rather than a Ballot.

4. ***Voting Deadline.*** Holders of claims and interests entitled to vote on the Chapter 11 Plan will receive Ballots for casting such votes. All votes to accept or reject the Chapter 11 Plan must be actually received by Epiq Bankruptcy Solutions, LLC (the "Notice and Balloting Agent"), PCAA's Notice and Balloting Agent with respect to the Chapter 11 Plan, by no later than 4:00 p.m. (Eastern Daylight Time) on May 11, 2010 (the "Voting Deadline"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5. ***Administrative Expense Bar Date***. OTHER ADMINISTRATIVE EXPENSE CLAIMS ACCRUING AGAINST PCAA AND NOT OTHERWISE PAID IN THE ORDINARY COURSE OF PCAA'S BUSINESS SHALL BE FILED WITH THE BANKRUPTCY COURT **NO LATER THAN TEN (10) DAYS BEFORE THE DATE SCHEDULED FOR THE CONFIRMATION HEARING** (the "Administrative Expense Bar Date"). All such administrative expense claim requests shall be filed with the Claims Agent and the Bankruptcy Clerk of the United States Bankruptcy Court for the District of Delaware, in writing together with supporting documentation, in accordance with section 503 of the Bankruptcy Code on or before the Administrative Expense Bar Date. Please note that any administrative expense claim that is required to be filed on or before the Administrative Expense Bar Date pursuant to these provisions and not filed on or before such date **shall be forever barred** from assertion against PCAA and the property of PCAA.

6. ***Objections to Confirmation.*** Objections, if any, to confirmation of the Chapter 11 Plan must:

(A) be in writing;

(B) state the name and address of the objecting party and the nature of the claim or interest of such party;

(C) state with particularity the basis and nature of any objection;

2

(D) be filed with the Court either (i) *electronically* or (ii) *conventionally*, as noted below:

    (a)     *Electronic Filing:* the filer must be an attorney in possession of passwords and logins to both PACER (see paragraph 8 below) and the Court's Electronic Case Filing System; or

    (b)     *Conventional Filing:* the filer must send the response or objection by mail, courier or messenger to the Clerk's Office at the following address: United States Bankruptcy Court, 824 North Market Street, Wilmington, Delaware 19801; the hard copy of the response or objection should be accompanied by a diskette containing the response or objection in Portable Document Format (PDF) format or, if PDF format is unavailable, in either Word or WordPerfect format;

NOTE: *All* filers -- those filing electronically as well as those filing conventionally -- must provide chambers with a separate hard copy of the response or objection; any proposed order should be accompanied by a diskette containing the proposed order in either Word or WordPerfect format;

(E) be served upon (a) PCAA, 621 North Governor Printz Boulevard, Essington, Pennsylvania 19029, Attn: Mark Shapiro; (b) Milbank, Tweed, Hadley & M$^c$Cloy LLP, One Chase Manhattan Plaza, New York, New York 10005-1413, Attn: Matthew S. Barr, Esq. and Michael E. Comerford, Esq.; (c) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Esq. and John H. Knight, Esq.; (d) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: David Klauder, Esq.; (e) Mayer Brown LLP, 1675 Broadway, New York, New York 10019, Attn: Frederick D. Hyman, Esq., (f) Edwards Angell Palmer & Dodge LLP, 919 North Market Street, 15th Floor, Wilmington Delaware 19801, Attn: Stuart Brown, Esq.; (g) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn: Andrew V. Tenzer, Esq.; (h) Lowenstein Sandler PC, 65 Livingston Avenue Roseland, New Jersey 07068, Attn: Bruce D. Buechler, Esq. and Mary E. Seymour, Esq., and (i) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, Delaware 19899, Attn: Ricardo Palacio, Esq. and Karen B. Skomorucha, Esq.; and

**(F) be filed with the Court in accordance with paragraph 5(D) above and served and actually received by the parties listed in paragraph 5(E) by no later than May 11, 2010 at 4:00 p.m. (Eastern Daylight Time). IF ANY OBJECTION TO CONFIRMATION OF THE CHAPTER 11 PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTION MAY NOT BE CONSIDERED BY THE COURT.** PCAA and other parties in interest may serve replies to such responses or objections by no later than May 13, 2010 at 4:00 p.m. (Eastern Daylight Time).

    7.     **THE CHAPTER 11 PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS. THESE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.**

8. The Chapter 11 Plan may be further modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during or as a result of the Confirmation Hearing with the consent of PCAA, without further notice to parties in interest.

[Remainder of Page Intentionally Left Blank]

9. ***To Obtain Copies.*** Any party in interest wishing to obtain copies of the Order, the Disclosure Statement or the Chapter 11 Plan should telephone the Notice and Balloting Agent, at (646) 282-2400, or may view such documents by accessing the Notice and Balloting Agent's website: http://chapter11.epiqsystems.com/pcaa or the Court's website: www.deb.uscourts.gov. Note as in paragraph 5(D) above that a PACER (https://ecf.deb.uscourts.gov/) password and login are needed to access documents on the Court's website.

Dated: April 16, 2010

*/s/ Zachary I. Shapiro*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Lee E. Kaufman (No. 4877)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
Matthew S. Barr
Michael E. Comerford
One Chase Manhattan Plaza
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for PCAA Parent, LLC, et al.*

# RELEASE, EXCULPATION, INJUNCTIVE AND RELATED PROVISIONS

## A. Mutual Release by Releasees

*"Releasees" means the Purchaser, the Debtors, the Liquidating Trustee, the trustee of the Lender Liquidating Trust, the Liquidating Trust, the Lender Liquidating Trust, each of the Holders of Equity Interests, each of the DIP Lenders, the DIP Agent, each of the Term Loan Lenders, the Administrative Agent, any Creditors' Committee and each member thereof, and each of their respective successors and predecessors and current and former control persons, direct or indirect shareholders or members, including the MIC Entities, officers, directors, employees, affiliates and agents (and each of their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons).*

*As of the Effective Date, for good and valuable consideration, including, without limitation, the services of the Releasees to facilitate the Sale, the Plan and the expeditious restructuring of the Debtors, each of the Releasees shall be deemed to have unconditionally released and discharged one another from any and all Claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any Claims that could be asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that the Releasees or their subsidiaries would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest or other Person or Entity, based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date relating to the Debtors, including in any way relating or pertaining to (w) the purchase or sale, or the rescission of a purchase or sale, of any security of the Debtors, (x) the operation or conduct of the business of the Debtors and their subsidiaries, (y) the Chapter 11 Cases and/or (z) the negotiation, formulation and preparation of the Sale and/or the Plan, or any related agreements, instruments or other documents; <u>provided</u> that these releases will have no effect on the liability of any Releasee arising from any act, omission, transaction, agreement, event or other occurrence, constituting willful misconduct, gross negligence, fraud or criminal conduct. The releases set forth in this paragraph shall be binding upon and shall inure to the benefit of the Liquidating Trustee and any chapter 7 trustee in the event that the Chapter 11 Cases are converted to chapter 7.*

## B. *Releases by Holders of Claims*

*As of the Effective Date, for good and valuable consideration, each Holder of a Claim that has affirmatively voted to accept the Plan, or who is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, shall be deemed to have unconditionally released and discharged the Releasees from any and all Claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any Claims that could be asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Holder of a Claim would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event*

*or other occurrence taking place on or before the Effective Date, in any way relating or pertaining to (w) the purchase or sale, or the rescission of a purchase or sale, of any security of the Debtors, (x) the Debtors or the operation or conduct of the business of the Debtors and their subsidiaries, (y) the Chapter 11 Cases and/or (z) the negotiation, formulation and preparation of the Sale and/or the Plan, or any related agreements, instruments or other documents; <u>provided</u> that these releases will have no effect on the liability of any Releasee arising from any act, omission, transaction, agreement, event or other occurrence, constituting willful misconduct, gross negligence, fraud or criminal conduct. The releases set forth in this paragraph shall be binding upon and shall inure to the benefit of the Liquidating Trustee and any chapter 7 trustee in the event that the Chapter 11 Cases are converted to chapter 7.*

C. <u>Injunction</u>

*Except as otherwise expressly provided in the Plan, all Holders of Claims and Equity Interests shall be permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Equity Interest against the Purchaser, the Debtors, their respective Estates or assets, or the other Releasees unless a previous order modifying the stay provided under Section 362 of the Bankruptcy Code was entered by the Bankruptcy Court; (b) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Purchaser, the Debtors, their respective Estates or assets, or the other Releasees; and (c) creating, perfecting, or enforcing any encumbrance of any kind against the property or interests in property of the Purchaser, the Debtors, their respective Estates or assets, or the other Releasees, in each case in respect of any Claims arising prior to the Petition Date.*

D. <u>Exculpation</u>

*The Purchaser, the Debtors, the Liquidating Trustee, the trustee of the Lender Liquidating Trust, the Liquidating Trust, and the Lender Liquidating Trust, the DIP Lenders, the DIP Agent, the Term Loan Lenders, the Administrative Agent, the Creditors' Committee, and their respective successors, predecessors, control persons, direct or indirect shareholders or members, including the MIC Entities, officers, directors, employees, affiliates and agents (and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons) shall neither have nor incur any liability to any Person or Entity (including any Holder of a Claim or Equity Interest) for any pre- or post-petition act taken or omitted to be taken in connection with or related to the formulation, negotiation, preparation, dissemination, implementation, administration, confirmation or occurrence of the Effective Date, the Disclosure Statement, the Plan, or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other prepetition or postpetition act taken or omitted to be taken in connection with, or in contemplation of, the restructuring of the Debtors.*

2

E.  *<u>Avoidance Actions Released</u>*

All Causes of Action that arise under chapter 5 of the Bankruptcy Code, including Causes of Action under Sections 502(d), 544, 545, 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code, that may be asserted against vendor, supplier or other trade creditors of any Debtor shall be forever waived and released under the Plan.